AUDITOR GENERAL *v.* STODDARD.

1. MUNICIPAL CORPORATIONS — PUBLIC CONTRACTS — SPECIAL ASSESSMENTS—VALIDITY.

Under the charter and ordinances of Bay City, requiring that contracts involving the expenditure of more than $200 be let to the lowest bidder, a special assessment to pay for widening a pavement, the basis of which is a resolution of the council extending the width of the pavement, passed after the contract for the paving at a narrower width has been entered into, is invalid, notwithstanding the charter authorizes the council to stop any local improvement and change the plans thereof, and the contract provides that changes therein may be made when deemed necessary, and the right is reserved, without incurring any liability beyond the contract price, to increase or diminish the amount of labor or material, and only a mathematical calculation is necessary to determine the cost of the additional work at the rate provided for by the contract.

2. SAME—SPECIAL ASSESSMENT—ESTOPPEL TO OBJECT.

An abutting owner, assessed for the expense of illegally widening a pavement after the contract for the pavement had been entered into, who made objection to the widening at the first meeting of the city council after the action was taken, served notice on the comptroller of the city and the contractor that he would contest the validity of the assessment, and appeared before the board of review and objected to the assessment, is not estopped to contest the validity of the tax on objection to the petition of the auditor general to sell the land as delinquent for the tax.

Appeal from Bay; Collins, J. Submitted November 13, 1906. (Docket No. 128.) Decided March 5, 1907.

Petition by James B. Bradley, auditor general, for the sale of land delinquent for taxes: On objections filed by John L. Stoddard. From a decree for contestant, petitioner appeals. Affirmed.

*Brakie J. Orr*, Prosecuting Attorney (*S. G. Hough-ton*, of counsel), for petitioner.

*Stoddard & McMillan*, for contestant.

MONTGOMERY, J.  This is an appeal from a decree entered by the circuit court, in chancery, for Bay county, on the auditor general's petition for the sale of lands delinquent for taxes.  The tax against which contestant filed his objections was a special assessment levied for the construction of an asphalt pavement on Center avenue, in Bay City.  The cost of said pavement, pursuant to the provisions of the city charter, was raised by a bond issue, and the payment of the bonds is provided for by assessing 70 per cent. of the cost of the pavement to the abutting property specially benefited, and 30 per cent. to be paid by the city; payment of said taxes to be made in five annual installments.

The pavement was constructed under contract regularly made June 5, 1902, with the lowest responsible bidder, which contract, among other things, provided that said pavement should be built 40 feet in width.  Thereafter, at a regular meeting of the common council, held July 7, 1902, the following resolution was adopted:

"*Resolved*, That the pavement on Center avenue, between the west line of Trumbull street and Michigan Central Railroad tracks, be widened so as to make it 17 feet on each side of the right of way of the Bay Cities Consolidated Street Railway Company; and be it further
"*Resolved*, That the board of public works take such steps in the premises as may be required to carry this resolution into effect."

The effect of said resolution was to provide for a pavement 5¼ feet on each side of the street railway right of way wider than the contract provided for.  At the next regular meeting of the common council contestant and 25 others by communication objected to the widening of said pavement, giving as a reason therefor that the width pro-

vided for in the contract was sufficient, and that the widening would be of no benefit to the abutting property, and would be imposing an unjustifiable burden upon the taxpayer. At a regular meeting of the board of public works July 14th, the resolution to widen the pavement hereinbefore mentioned being under consideration, said board and the city engineer, who is a member of said board, changed the plans so as to make the pavement 17 feet wide on each side of the street railway right of way, in conformity with the wish of the council, which action was duly reported to the common council, said board having duly considered the said remonstrance and objections to such widening, after which the pavement was constructed the additional width of 5 feet 3 inches on each side of the street railway right of way, and the assessment roll was prepared by the city comptroller as hereinbefore indicated, and reviewed and approved by the said board of public works. Contestant on the 5th of August served notice upon the comptroller of the city, and also upon the contractor, objecting to the increase of the width of the pavement, and insisting that he would contest the validity of any assessment made to cover its cost. Contestant also appeared before the board of review and objected to the assessment on account of the unauthorized widening of the street and on other grounds.

On the hearing the objections filed by contestant were sustained only as to the additional assessment made to pay for the cost of the widening of the pavement, and, as contestant did not appeal from the order of the court, the only question presented in this issue is to the validity of the assessment to defray 70 per cent. of the cost of the widening of said pavement, exclusive of street intersections, being that portion of said pavement 5 feet 3 inches wide on either side thereof not originally contracted for.

The petitioner contends that there was no jurisdictional defect in the proceedings to levy the tax for this improvement, and that it follows that, under the doctrine of this court in proceedings of this nature, irregularities which

do not affect the substantial rights of the taxpayer are to be disregarded and the tax upheld. *Auditor General* v. *Sparrow*, 116 Mich. 574; *Auditor General* v. *Griffin*, 140 Mich. 427.

The contestant contends, on the other hand, that the proceedings are jurisdictionally defective, and that, as this proceeding furnished him his first opportunity to assert his rights in any court, he is not too late to be heard.

An ordinance of the city provides that all contracts involving an expenditure of more than $200 shall be let to the lowest bidder. Section 120 of the charter (Act No. 448, Local Acts 1897) by implication requires a letting on a bid. The case is presented upon the assumption that a bidding is essential. It is insisted, however, that as only a mathematical calculation is required to determine the cost of the additional work, and as section 134 of the charter authorizes the council to stop any local improvement and change the plans thereof, and as the contract contained a provision that changes therein may be made when deemed necessary for the convenience, safety, and stability of the work, or as shall be deemed advisable by the city engineer to make a first class job, and as the right is also reserved, without incurring any liability beyond the contract price, to increase or diminish the amount of labor or material, or both, within such limits as may be deemed advisable by such board, there was authority to make the change in question. We do not think the charter provision relied upon was intended to confer the power to dispense with the formalities of a new contract after a plan is changed. Nor does the reservation in the contract extend the power to enlarge the contract in the manner attempted here. The case of *Ely* v. *City of Grand Rapids*, 84 Mich. 336, cannot, on this point, be distinguished from the case in hand.

Contestant has not lost his right to complain. He is not invoking the aid of the court. He is defending against a tax imposed without jurisdiction. He is not estopped.

*Auditor General* v. *Calkins,* 136 Mich. 1; *Muirhead* v. *Sands,* 111 Mich. 487. It would be otherwise if the defect were a mere irregularity, not injuriously affecting the contestant's rights. *Auditor General* v. *Sparrow,* supra.

The decree is affirmed.

CARPENTER, OSTRANDER, HOOKER, and MOORE, JJ., concurred.