[Civ. No. 1640.   Second Appellate District.—February 24, 1915.]

## CHAS. R. McCORMICK LUMBER COMPANY (a Corporation), Respondent, v. HIGHLAND SCHOOL DISTRICT et al., Appellants.

CONTRACTS—SCHOOL DISTRICT—ERECTION OF SCHOOL BUILDING—IRREGULARITY IN CALLING ELECTION AND BIDS—ESTOPPEL.—Notwithstanding the insufficiency of notices calling a meeting of the electors of a school district for the purpose of voting upon the question of the erection of a school building and insufficient publication of notice calling for bids for the contract, where the board of trustees proceeded to make a contract for the erection of the

26 Cal. App.—41

building, which was completed and thereafter used for the purposes for which it was erected by the district for a long period of time, the school district was estopped from maintaining a defense based upon said irregularities, in an action by the contractor to recover the reasonable value of the materials furnished and services rendered.

Id.—Municipalities—Estoppel.—Where the contract or agreement upon which recovery is sought is one wholly without the scope of the power of the municipality to make—in other words, is *ultra vires*—there can be no estoppel; but where the authority exists to make the contract but the proceedings precedent thereto have been informally taken only, the rule of estoppel may be made to operate against a municipality as completely as it would against an individual under the same circumstances.

APPEAL from an order of the Superior Court of San Diego County granting a new trial. C. N. Andrews, Judge.

The facts are stated in the opinion of the court.

James E. O'Keefe, and C. H. Van Winkle, for Appellants.

Luce & Luce, for Respondent.

JAMES, J.—This is an appeal from an order granting the motion of plaintiff for a new trial. The action was brought to recover the sum of $1201.20, and plaintiff set out ten separate causes of action in its complaint. The appellant, Highland School District, is a small district in the county of San Diego, and desiring to build a schoolhouse a meeting of the electors was called by the posting of notices, and afterwards held, and the trustees were instructed to proceed to acquire a site for the building and to build the schoolhouse. The notices calling the meeting of the electors were not posted for the requisite length of time (as prescribed by subdivision 20 of section 1617, Political Code), nor was there sufficient publication of notice calling for bids, as another subdivision of the same section provides for. However, the board of trustees did proceed to make a contract for the erection of the school building, and the building was completed and thereafter used for the purposes for which it was erected by the district for a long period of time. Installment warrants were issued to the contractor in payment of the total sum agreed to be paid under the terms of the contract made with him. Pay-

ment being refused on the warrants, an assignment was made thereof to the plaintiff herein.

At the trial, after the plaintiff had introduced its evidence, a motion for judgment of nonsuit was made which the court granted as to all of the causes of action set out in the complaint, except those causes of action based upon three of the warrants issued by the trustees and amounting to the sum of $172.99. These warrants covered matters not included in the contract for the construction of the building. After judgment in plaintiff's favor for the latter amount, a motion for a new trial was made. It appears that the motion for judgment of nonsuit was granted by the trial judge on the ground of the irregularities occurring in the matter of the notices calling the meeting of the electors and asking for the submission of bids. On the motion for a new trial the grounds therein specfied again brought the same matter before the court, and the motion was granted awarding to the plaintiff a new trial. The question presented is as to whether, admitting the informalities of notice in the calling of the meeting and advertising for bids for the construction of the building, the school district, having received and appropriated the benefit of the labor and materials supplied by the contractor, is estopped from maintaining a defense based upon the irregularities noted. We think, under the circumstances of this case, the contractor, or his assignee, was entitled to recover. Substantially, the authorities indicate no different rule in applying the doctrine of estoppel to the acts of individuals or private corporations, than is proper to be applied to the acts of municipal corporations. There is, however, a distinction suggested and it is this: That where the contract or agreement upon which recovery is sought is one wholly without the scope of the power of the municipality to make—in other words, is *ultra vires*— then there can be no estoppel; but where the authority exists to make the contract, but the proceedings precedent thereto have been informally taken only, then the rule of estoppel may be made to operate against a municipality as completely as it would against an individual under the same circumstances. (1 Abbott on Municipal Corporations, sec. 259.) Approval of the general rule as applicable to municipal corporations is given by the decisions in *Argenti* v. *City of San Francisco,* 16 Cal. 255; *Contra Costa Water Co.* v. *Breed,* 139 Cal. 432, [73 Pac. 189]; *Escondido Lumber, H. & G. Co.* v.

*Baldwin,* 2 Cal. App. 606, [84 Pac. 284]. This rule of estoppel warranted the respondent in insisting upon recovery of the reasonable value of the material furnished and services rendered by its assignor, not exceeding, we think, however, the total amount agreed upon to be paid.

The order granting a new trial is affirmed.

Conrey, P. J., and Shaw, J., concurred.