AUDITOR GENERAL *v.* WOODARD.

MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENT—ESTOPPEL.
  The owner of property does not estop herself from making
    objections to the sale of her property for a pavement tax
    by signing the petition for the improvement, where a
    majority of the owners of frontage did not sign the peti-
    tion: the property owner is entitled to a valid or sufficient
    assessment and to lawful proceedings to effect it.

Appeal from Shiawassee; Miner, J. Submitted
April 10, 1916. (Docket No. 60.) Decided June 1,
1916.

Petition by Oramel B. Fuller against Sadie Wood-
ard for the sale of certain lands for taxes thereon.
From a decree for defendant, petitioner appeals. Af-
firmed.

*Seth Q. Pulver*, for petitioner.

*Elbern Parsons*, for defendant.

BROOKE, J. In this case the plaintiff seeks to sell
defendant's property for the nonpayment of a paving
tax. The petition under 1 Comp. Laws, § 3304, as
amended by Act No. 136, Pub. Acts 1899 (1 Comp.
Laws 1915, § 3326) (which authorizes the construc-
tion of improvements when a majority of the owners
of the frontage request it), was presented to the com-
mon council of the city of Owosso. Taking this as a
basis for the jurisdiction for the construction of a
pavement, the common council proceeded to make the
improvement and levy the tax in question in this case.

Upon the filing of the petition of the auditor general
for the sale of the lands of defendant for this special
assessment, the defendant filed certain objections.

Among them is one that the council never acquired jurisdiction to make the improvement by reason of the fact that a majority of the property owners had not signed the petition. It was conceded in the court below, and it is conceded in this court, that the petition which is the basis of all the subsequent proceedings is not signed by a majority of the owners of property fronting upon said improvement. It was, however, signed by Frank Greenman, who was at that time the owner of the property affected by the assessment in this case, and who afterwards conveyed it to the defendant herein. It is conceded on behalf of the plaintiff and appellant, against whom a decree was rendered in the court below, that the decree was right, unless the fact that the petition for the improvement was signed by Greenman, defendant's grantor, operates as an estoppel.

Both parties to the proceeding cite *Motz* v. *City of Detroit*, 18 Mich. 495, and *Steckert* v. *City of East Saginaw*, 22 Mich. 104. In the first case, in an opinion by Justice COOLEY, it was held that the signer of a petition for an improvement is estopped from denying the validity of the charter and ordinance under which the proceedings were had.

In the second case the same justice, in distinguishing it from the *Motz Case,* said:

"The case before us, however, is of a different character. The complainants do not claim that the charter under which the assessment was made is void, but they complain that its provisions have not been followed. Three of the complainants admit asking that the improvement be made in accordance with the law, but they aver that the attempt has been made to construct it in disregard of the law, and that their interests are injuriously affected by the failure of the council to follow the statutory provisions. If they are correct in their facts, we do not see how they can be estopped from claiming relief."

191 Mich.—32.

Later cases touching the question are: *Taylor* v. *Burnap,* 39 Mich. 739, *Atwell* v. *Barnes,* 109 Mich. 10 (66 N. W. 583), *Auditor General* v. *Stoddard,* 147 Mich. 329 (110 N. W. 944), and the late case of *Auditor General* v. *Johns,* 190 Mich. 610 (157 N. W. 76).

The general principle governing the question is stated in Hamilton Law of Special Assessments:

Section 338:

"One who signs a petition for a public improvement is justified in the presumption that the corporate authorities will proceed in accordance with law. He does not petition for an illegal assessment, and is not estopped by his signing the petition from challenging the validity of the assessment upon which it is based, or the lack of jurisdiction."

Section 725:

"But the courts are quite widely at variance as to how far the petitioner is actually estopped, although by both weight and number of authority it is generally held that the petitioner is not estopped to challenge the validity of the assessment, or the certificate issued to pay for it. There is no presumption that by asking for the improvement he desired it done other than according to law, or that he intended to bind his property for more than his share of a legal assessment."

The decree is affirmed, with costs.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.