[Civ. No. 2163.   First Appellate District.—September 13, 1917.]

CLINTON CONSTRUCTION COMPANY OF CALIFORNIA (a Corporation), Respondent, v. I. H. CLAY, as Auditor of the City of Oakland, Appellant.

MUNICIPAL CORPORATIONS — CONTRACTS FOR SCHOOL BUILDINGS—COMPETITIVE BIDDING—OAKLAND CHARTER.—The board of education of the city of Oakland is not authorized, under section 189 of the charter of that city authorizing changes in plans and specifications of contracts for the construction of school buildings, to enter into a contract for extra work exceeding five hundred dollars without complying with section 130 of such charter, requiring the letting of contracts to the lowest bidder after public notice, since section 189 is limited to changes in work provided for in original contracts, and does not extend to work which is entirely distinct, independent, and apart from that contemplated and provided for under the original contract.

ID.—APPROVAL OF UNAUTHORIZED CONTRACT—CONTRACT NOT VALIDATED. A contract let by the board of education of the city of Oakland for work on a school building exceeding five hundred dollars, without complying with section 130 of the charter, requiring competitive bidding, is not validated by its approval, as provided by section 122 of the charter, by a four-fifths vote of the board of education after rejection by the auditor, as that section relates only to contracts that the board had authority to make.

APPEAL from a judgment of the Superior Court of Alameda County.   William H. Waste, Judge.

The facts are stated in the opinion of the court.

Paul C. Morf, City Attorney, and De Lancey C. Smith, for Appellant.

Ernest K. Little, for Respondent.

34 Cal. App.—40

KERRIGAN, J.—Petitioner herein sought and obtained a writ of *mandamus* against the auditor of the city of Oakland, commanding him to draw his warrant in favor of petitioner for the sum of $3,763.96, payable out of a certain fund raised by a bond issue and known as the "Clawson School Construction Fund." This appeal is from such judgment.

Appellant justifies his refusal to issue such warrant upon the ground that the amount for which it is sought to have the warrant drawn represents expenditures by the board of education of the city of Oakland in excess of the sum of five hundred dollars, and which therefore were in violation of the charter provisions of said city requiring advertising and competitive bidding, and upon the further ground that the amount represents expenditures for matters and things other than those for which the bonds creating said fund were issued.

From the petition the following facts appear: The council of the city of Oakland provided by ordinance for a special election to vote upon two propositions to issue bonds for certain purposes. One of these—and the only one involved in this case which it is necessary to consider—was whether the city should incur an indebtedness in the sum of two hundred and ten thousand dollars for the construction and completion of a new building to be known as the Clawson school in said city, together with the furnishings and equipment thereof, and the acquisition of certain lands which were necessary for the purpose of the schoolhouse site and additions. Pursuant to said ordinance a special election was held, and the proposition to bond the city for the purposes and in the amount mentioned was carried. Thereafter bonds were issued and sold, and the proceeds were deposited in a separate fund designated as the "Clawson School Construction Fund." Subsequently the board of education entered into a written contract with petitioner to construct the Clawson school building according to plans and specifications prepared therefor. Such plans and specifications, however, did not make provision for the work for which recovery is here sought. The omitted improvements consisted in the building of a fence around the premises, the planting of a lawn on a large portion of the yard, and the paving of another portion thereof. About the time of the completion of the original contract for the construction of the Clawson school the board of education agreed with the respondent to do this extra work for the sum

of $3,461.16. Two other pieces of work were also authorized in a similar manner—one for the erection of a flagpole costing $244, the other for shellacking certain linoleum for the sum of $58.80.

The validity of respondent's claim for these two latter items, amounting to the sum of $302.80, is not disputed, it being conceded that the board had power to order this work, the cost being less than five hundred dollars.

Upon completion of all of the extra work respondent presented its demands for payment. The demands were passed by the board of education, but were rejected by appellant as auditor. Subsequently they were again passed by the board by a four-fifths vote of its members, again presented to appellant, and again refused audit unless respondent would accept in full satisfaction therefor the sum of $302.80, the amount of the demands for erecting the flagpole and shellacking linoleum. This the respondent refused to do, and brought this proceeding, which, as we have said, resulted in the judgment in its favor from which the present appeal is prosecuted.

We are of the opinion that the contract made by the board of education with respondent for that portion of the work exceeding five hundred dollars was one not authorized by the charter provisions, and that the judgment must be modified by striking the amount claimed thereon from such judgment.

The charter of the city of Oakland by section 130 thereof provides for the letting of all contracts to the lowest bidder after public notice where the expenditure exceeds five hundred dollars. No attempt was made in the letting of these contracts to comply with the provisions of this section, but counsel for the respondent seeks to justify the validity of the claim based thereon by a clause in his original contract which provides for changes during the progress of the work, whereby the increased or decreased cost thereof by reason of such changes shall be determined by the architect and fixed by agreement. In this behalf he argues that as such changes were warranted by his contract, and were made strictly in accordance with section 189 of the charter, which authorizes a change in the plans and specifications to be made with the consent of the board of education and commissioner of public works, no competitive bidding was necessary, and the work could be done without complying with section 130 of the charter, and having been so ordered and completed, all that

remained to be done was for the architect to certify in writing the fair and reasonable amount to be paid therefor in accordance with the provision of said section.

But section 189 of the charter is limited in its terms to changes in work provided for in original contracts, and it makes no provision for new or supplemental contracts. The question as to the character and extent of improvements that might be made under a change in the plans and specifications is not here involved. The work here performed and for which compensation is sought was entirely distinct, independent, and apart from any and all work contemplated and provided for under the original contract. To hold that section 189 of the charter, providing for changes in the work, was designed to dispense with competitive bidding provided for under section 130 of that same act, would be to render nugatory the safeguard which the provision surrounds the municipality in its dealings with the public, and would subject it to all the well-recognized evils the provision was designed to prevent.

It is only just to state that no fraud is here charged. The result is the same, however. Here no provision was made in the plans and specifications for the work done, and, as before stated, whatever character of changes might be warranted in the work contracted for, such changes could not warrant and include, as here, distinct work not even mentioned in the plans and specifications and not contracted for. (*Ely* v. *Grand Rapids*, 84 Mich. 336, [47 N. W. 447]; *Auditor-General* v. *Stoddard*, 147 Mich. 329, [110 N. W. 944].)

Upon this question the respondent advances the further argument that failure to comply with the provisions of section 130 of the charter was remedied by the approval of the claims by a four-fifths vote of the board of education after their first rejection by appellant, and cites us to section 122 of the charter in support thereof. That provision, however, in express terms limits the approval of rejected claims to those which the body had authority to make and out of which the claim arose, and was never intended to remove the restrictions upon the mode of entering into a contract prescribed by section 130. Here the contract was wholly void. It was one which the board of education had no authority to make, and the subsequent approval of it gave it no force or validity.

(*Reams* v. *Cooley,* 171 Cal. 150, [Ann. Cas. 1917A, 1260, 152 Pac. 293]; *Zottman* v. *San Francisco,* 20 Cal. 96, [81 Am. Dec. 96].)

From what has been said it follows that the private contract for the work here performed having been made without complying with the charter provisions was void, and was incapable of ratification by the board of education, and no recovery can be had therefor.

In view of the conclusion just announced, the further contention that the expenditures could not be made a charge on the fund in question becomes unimportant.

For the reasons given the judgment is modified by striking therefrom the sum of $3,461.16, and as so modified the judgment will stand affirmed.

Lennon, P. J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 12, 1917.