[Civ. No. 5932. First Appellate District, Division Two.—November 2, 1927.]

ORVILLE L. CLARK, Respondent, v. CONLEY SCHOOL DISTRICT OF KERN COUNTY, Appellant.

Claflin & Lambert for Appellant.

Oliver O. Clark, W. W. Kaye and Alfred Siemon for Respondent.

NOURSE, J.—Plaintiff sued for services rendered as an architect in preparing plans and specifications for new buildings to be erected by the district and for additions to and alterations of existing buildings and to supervise the construction of the same. The trial court found that the reasonable value of the services rendered by the plaintiff to the defendant was the sum of $5,000; that the defendant had paid to the plaintiff on account thereof the sum of $2,000 and that the plaintiff was entitled to recover the balance of $3,000, for which sum judgment was accordingly rendered. From this judgment the defendant has appealed upon a typewritten record.

Appellant's opening brief consists entirely of a reprint of the reporter's transcript with a few running interpolations stating that error has occurred. These specifications of error are generally not followed by any argument or citation of authority, while the authorities which are cited are all from other jurisdictions and are either wholly beside the point at issue or directly contrary to the authorities in this state interpreting the statutes under which the issues arise.

The complaint was framed in three causes of action: The first pleaded a written contract executed by the qualified trustees of the defendant district on October 7, 1920, whereby the plaintiff was employed to perform the services mentioned. It was then alleged that immediately thereafter the plaintiff began work under the contract, made and filed with the defendant the survey report and recommendations called for, prepared and filed the plans and specifications requested by the defendant, incurred a large expenditure of money, labor, and time in the performance of his services and held himself at all times ready, willing, and able to perform everything incumbent upon him under the contract; that on September 10, 1921, the defendant discharged plaintiff, repudiated and abandoned the contract, and refused to pay him for the services rendered, all to his damage in the

sum of $13,552. The second cause of action pleaded the same material facts and added facts showing a ratification and estoppel on the part of the defendant. The third cause of action was framed in the form of a common count for the reasonable value of services rendered.

On this appeal the appellant urges that the complaint does not state a cause of action because it does not appear that in the written contract with the district a time of payment for the services was specified and that, because of this, payment would become due only upon the completion of the buildings, which event it appears did not occur. The specification goes only to the first cause of action and is wholly without merit because it does appear in the pleading of that cause of action that the happening of the event upon which payment would become due was wrongfully prevented by the repudiation of the contract by the district and that that cause of action was one for damages for this breach. But aside from this no attack is made upon the pleading of the second or third causes of action and either one of these is sufficient to support the judgment.

It is said that the trial court erred in the admission into evidence of the resolution of the board of trustees of the appellant district authorizing the execution of the contract in question because it had not been previously shown that the resolution was passed at either a regular or special meeting of the board. The objection is wholly without merit. Counsel had offered the official minute-book of the board of trustees in which the resolution was recorded as having been adopted at a ''meeting of the board of trustees.'' Inasmuch as the board is authorized to act at either a special or a regular meeting it was not necessary for the respondent to show what kind of meeting was being held at the time the resolution was passed. The minutes of the board showing the adoption of the recorded resolution were the best evidence of this fact, and the presumption that official duty had been regularly performed cast upon the appellant the burden of proof to show any irregularity in the proceedings of the board. Running through the appellant's brief are statements to the effect that the action of the board should have been taken on a regular meeting day or that notice should have been given of a special meeting to the outgoing trustee,

but no evidence is offered to show that either one of these things had not been done.

Aside from anything which may be said as to the impropriety of any judgment under the first cause of action because of any irregularity in the giving of notice of the meeting of the trustees, in the adoption of the resolution authorizing the employment of respondent, or in the execution of the contract in suit, the pleadings and findings under the second and third causes of action are in themselves sufficient to support the judgment. The trial court found that prior to the repudiation of the contract the district received and made use of the report and survey of the school facilities made by the respondent; that the respondent performed all the services required by him under the contract and at the request of the district; that he expended in the preparation of the plans and specifications for new buildings under the contract the sum of $9,000 and that the reasonable value of his services to the district was $5,000, of which sum $2,000 had been paid. On this phase of the case the judgment is within the rule announced in *McCormick Lumber Co.* v. *Highland School District,* 26 Cal. App. 641, 643 [147 Pac. 1183], and *Warren Bros. Co.* v. *Boyle,* 42 Cal. App. 246, 261 [183 Pac. 706]. It is said in the case last cited: "Even if it be that certain provisions of the charter, or ordinances, were not strictly complied with, the city, under well-settled legal principles, should not be allowed to accept, use, and retain the benefit of petitioner's property, and then refuse to pay for it upon the plea that in making the contract it has not proceeded in strict conformity with some part of the complicated internal machinery of its complex corporate organization." (Citing cases.)

Judgment affirmed.

Sturtevant, J., and Koford, P. J., concurred.