COBURN *v.* CITY OF WYANDOTTE.

1. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—BOULEVARDS.
   The mere designation in a plat of a street as a boulevard does not of itself fix its legal status as such.

2. SAME—HIGHWAY DESIGNATED AS BOULEVARD AND HAVING CHARACTERISTICS THEREOF IS BOULEVARD.
   A public highway which was designated in the plat as a boulevard, and has the characteristics thereof, in that it is wider than ordinary streets, has a parkway in the middle, has trees planted, and has an ornamental lighting system, is in law and fact a boulevard.

On exercise of police power for esthetic purposes, such as parks, boulevards, etc., see annotation in 34 L. R. A. (N. S.) 998.

3. SAME—WYANDOTTE CHARTER—COST OF IMPROVING BOULEVARD MUST BE PAID BY CITY AT LARGE.

> Under the charter of the city of Wyandotte, which distinguishes between public improvements and general public improvements, provides that the latter are to be paid for by the city at large, and classifies the acquiring and maintaining of boulevards as general public improvements, the cost of improving or maintaining a boulevard may not be assessed upon property specially benefited, but must be paid by general assessment.

Appeal from Wayne; Hunt (Ormond F.), J. Submitted October 18, 1928. (Docket No. 144, Calendar No. 34,039.) Decided January 7, 1929.

Bill by Milan D. Coburn and others against the city of Wyandotte to set aside a special assessment. From a decree dismissing the bill, plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*Peter P. Boyle,* for plaintiffs.

*Charles H. Marr,* City Attorney, and *W. Leo Cahalan* (*Charles P. Dunn,* of counsel), for defendant.

McDONALD, J. This suit was brought to set aside a special assessment for the paving of Emmons boulevard in the city of Wyandotte, Michigan. It is the theory of the bill that Emmons boulevard is not an ordinary street, but is a boulevard within the meaning of the charter of the city of Wyandotte; that it was dedicated and accepted as such, and that the city charter designates the improvement of boulevards as a general public improvement to be paid for by the city at large. The defendant contends that Emmons boulevard is not now and never was a boulevard within the meaning of the law, and that under the provisions of its charter the cost of paving it was properly assessed against those specially benefited. On the hearing, the circuit judge ac-

cepted the defendant's view of the law and the facts and entered a decree dismissing the bill. From this decree, the plaintiffs have appealed.

The first question to be considered is whether Emmons boulevard is a boulevard within the meaning of the law. It is conceded that it was designated as a boulevard in the plat which was approved and accepted by the village of Ford, where the subdivision was then located. The village was subsequently annexed by the city of Wyandotte. But counsel for the defendant contend that the mere designation in a plat of a street as a boulevard does not of itself fix its legal status as such. With this contention we agree. But there was more evidence of its status than a mere designation by name on the plat. Mr. Welch, one of the owners of the property who assisted in preparing the plat, was a witness on the hearing. He testified:

"Your honor, this states very plainly and it is so drawn by the engineer, that this is a boulevard, and there was no question—

"*The Court:* That is the name of it.

"*A.* That is the name of it, and that indicates there is a parkway in the center, and it is marked as a boulevard—it is drawn as a boulevard. Of course, we gave extra land for this boulevard, to make it a grand boulevard. For instance, the next highway, next street, is only 50 feet and this is 80, so we dedicated extra ground to make it a boulevard."

The witness also testified that he planted trees on the boulevard and that he paid for an ornamental lighting system which the city of Wyandotte subsequently installed. It further appears from the plat that Emmons boulevard is the only street on the plat that extends through to the Ecorse river. In

all of these ways it was different from any other street in the plat. Its width, its length, its parkway in the center, its trees, and the ornamental lighting system are characteristics of a boulevard as that term is known in the law.

"A boulevard is a public street which is usually of greater width than ordinary business streets, and is given a parklike appearance by reserving spaces at the sides or center for shade trees, flowers, seats and the like, and ordinarily it is not used for heavy teaming." *Haller Sign Works* v. *Training School,* 34 L. R. A. (N. S.) 998 (249 Ill. 436, 94 N. E. 920).

See, also, 9 C. J. p. 143.

We find it established by the evidence that Emmons boulevard is in law and fact a boulevard. At the time the subdivision in which it is located was annexed by the city of Wyandotte, it had been dedi-cated and accepted as such and still retains that status. *MacLachlan* v. *City of Detroit,* 208 Mich. 190; *Miller* v. *City of Detroit,* 244 Mich. 38.

Having found it to be a boulevard, the next question is whether the charter of the city of Wyandotte provides for its improvement at the expense of the city at large or by special assessment.

In sections 3, 6, and 7, chapter 14, of the charter, it is provided:

"SECTION 3. Subject to the provisions of this charter, the city may acquire, own, establish, oper-ate and maintain public utilities for supplying water, heat, light, power and transportation to the city, and to the inhabitants thereof; and may also acquire, own, improve, maintain, construct and operate parks, public recreational and play grounds, boule-vards, cemeteries, hospitals, alms houses and plants necessary for the disposal of sewage and garbage, etc.

"SEC. 6. All public improvements herein above provided for, either by specific mention or by implication, shall be considered general public improvements. The cost and expense of acquiring the foregoing permanent public improvements shall be paid by the city, etc.

"SEC. 7. The council shall have power to provide for the payment of all or any part of the cost of construction, reconstruction, repair, operation or maintenance of any structure or work in the nature of public improvement, by levying and collecting special assessments upon property specially benefited."

The defendant claims section 7 as its authority for levying a special assessment to defray the cost of paving Emmons boulevard.

The charter distinguishes between public improvements and general public improvements. It designates the acquiring and maintaining of boulevards as general public improvements. As section 7 relates to public improvements only, it does not apply to boulevards, and therefore does not authorize the city to improve or maintain a boulevard by assessment upon property specially benefited. Section 1 of the charter provides that general improvements shall be paid for by the city at large, and as the paving of Emmons boulevard is such an improvement, it follows that the cost thereof must be paid by a general assessment.

The special assessment complained of by the plaintiffs is void and should be set aside. A decree so providing will be entered in this court, with costs to the plaintiffs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, POTTER, and SHARPE, JJ., concurred.