[Civ. No. 6904. First Appellate District, Division One.—March 12, 1930.]

A. STRAUCH, Respondent, v. SAN MATEO JUNIOR COLLEGE DISTRICT OF SAN MATEO COUNTY, Appellant.

Thomas H. Breeze for Appellant.

William T. Sweigert for Respondent.

THE COURT.—This is an action to recover the value, or in lieu thereof the possession, of certain electrical heating equipment furnished by the plaintiff to the defendant. The cause was submitted to the trial court upon an agreed statement of facts. Findings and conclusions of law were expressly waived and judgment was entered against the defendant for the value of the equipment.

The facts are as follows: About the month of December, 1927, the clerk of defendant's board of trustees placed an order with plaintiff for several electrical heaters to be installed in defendant's school building, the price being $1950. Thereafter the equipment was installed, and defendant has ever since used the same for heating purposes. The order was given without a previous notice or call for bids by the trustees, and no bid was made by plaintiff. At the time the order was placed and the equipment delivered no emergency existed whereby any repairs, alterations, work or improvement was necessary to permit the continuance of existing school classes, and the order was not placed or accepted pursuant to the unanimous or any vote of the trustees of defendant or with the approval of the county superintendent of schools of San Mateo County. At the time the order was placed and accepted defendant did not have an average attendance of 1,000 or more pupils as shown by the report of the county superintendent of schools for the preceding school year, and the trustees had not

previously secured from responsible bidders three or any estimates of the cost of furnishing such or similar equipment to the district. The parties agreed that the reasonable value of the equipment is the sum for which judgment was entered; that the equipment has not been permanently attached to the school building and could be removed and returned to the plaintiff without injuring the building; that demand that the price of the equipment be paid, or in lieu thereof that the equipment be returned, has been made, which demand the defendant refused; that the refusal is based solely on the ground that the contract for the purchase of the equipment was not entered into in compliance with the provisions of section 1612 of the Political Code as amended in 1927 (Stats. 1927, p. 204).

It is admitted that there was no attempt to comply with the provisions of the above section, and that under the general rule in such cases there is no contractual obligation to pay for the equipment and that the value thereof cannot be recovered in an action of *quantum meruit* (*Reams v. Cooley,* 171 Cal. 150 [Ann. Cas. 1917A, 1260, 152 Pac. 293]). It is urged, however, that the district having accepted and used the equipment is estopped from claiming that the statute was not complied with, and also that its refusal to redeliver the property upon demand constituted a reversion. It is therefore contended that the judgment was proper and should be affirmed.

It has been held that where the contract or agreement upon which recovery has been sought is within the scope of the powers of the school district or municipality to make, and an attempt to comply with the provisions of the statute has been made, and it further appears that the district or municipality has accepted and used the property of the plaintiff, recovery of the value thereof will not be denied on the ground that there was a failure to conform strictly with the procedure prescribed by statute (*McCormick v. Highland School Dist.,* 26 Cal. App. 641 [147 Pac. 1183]; *Warren Bros.* v. *Boyle,* 42 Cal. App. 246 [183 Pac. 706]; *Miller* v. *Boyle,* 43 Cal. App. 39 [184 Pac. 421]; *Clark* v. *Conley School Dist.,* 86 Cal. App. 527 [261 Pac. 723]).

The rule is well settled, however, that when by statute the power of a board or municipality to make a contract is limited to a certain prescribed method to which there

has been no attempt to conform, a contract attempted to be made is void, and no implied liability can arise for the benefits received thereunder (*Zottman* v. *San Francisco,* 20 Cal. 96 [81 Am. Dec. 96]; *Reams* v. *Cooley, supra; Clinton Construction Co.* v. *Clay,* 34 Cal. App. 625 [168 Pac. 588]; *Nash* v. *City of Los Angeles,* 78 Cal. App. 516 [248 Pac. 689]), nor can the same be the subject of estoppel *in pais* (*La Societa Italiana, etc.,* v. *San Francisco,* 131 Cal. 169 [53 L. R. A. 382, 63 Pac. 174]; *Wichman* v. *City of Placerville,* 147 Cal. 162 [81 Pac. 537]; *Foxen* v. *Santa Barbara,* 166 Cal. 77 [134 Pac. 1142]). Without holding that the district or municipality may not be held liable for damages for conversion in a proper case (43 Cor. Jur., Municipal Corporations, sec. 1737, p. 960), to permit the recovery of the value of property delivered pursuant to agreements which are void under the statute where the district or municipality fails or refuses to redeliver on demand, would accomplish in the majority of cases the exact result which, as held in the above decisions, the law forbids (*Floyd County* v. *Allen,* 137 Ky. 575 [27 L. R. A. (N. S.) 1125, 126 S. W. 124]). ▪ And we are of the opinion that the judgment in the present case for the value of the property rendered on the theory that the failure of the defendant to return the same on demand created a liability in damages for its conversion cannot under the facts be sustained.

▪ In such cases, however, the plaintiff is not without remedy, as the possession of the property, if it can be removed without injury to other property of the district or municipality, may be recovered (*Bardwell* v. *Southern etc. Works,* 130 Ky. 222 [20 L. R. A. (N. S.) 110, 113 S. W. 97]; *La France etc. Co.* v. *Syracuse,* 33 Misc. Rep. 516 [68 N. Y. Supp. 894]; *Mineralized Rubber Co.* v. *Cleburne,* 22 Tex. Civ. App. 621 [56 S. W. 220]; *Gamewell Fire Alarm etc. Co.* v. *Los Angeles,* 45 Cal. App. 149 [187 Pac. 163]), and this has been held to be the only remedy available (*Superior etc. Co.* v. *School District No. 63,* 28 Okl. 293 [37 L. R. A. (N. S.) 1053, 114 Pac. 328]; *Moe* v. *Millard etc. Dist.,* 54 Utah, 144 [179 Pac. 980]; *Clark* v. *School Dist.,* 78 Ill. 474). In the present case, as stated, the parties have stipulated that the equipment has not been permanently attached to the school building and could be

returned to the plaintiff without injury thereto, and, further, that the equipment is replaceable.

For the above reasons the judgment is reversed with directions to the trial court to enter a judgment in favor of the plaintiff for the recovery of the possession of the property described in the complaint.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 8, 1930.