CAMPBELL *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—BOULEVARDS —SPECIAL ASSESSMENTS—DETROIT CHARTER.

Finding of trial court that highway, although designated as avenue, is in fact and law boulevard, and that property abutting thereon is not subject to special assessment for paving, under Detroit city charter, *held*, justified by record.

2. SAME—ESTOPPEL.

That lot owners petitioned for paving of boulevard did not preclude their resisting liability for special assessment therefor.

Appeal from Wayne; Ferguson (Homer), J. Submitted April 19, 1932. (Docket No. 157, Calendar No. 36,428.) Decided June 6, 1932.

Bill by John M. Campbell and others against City of Detroit, a municipal corporation, and another to enjoin collection of special assessments for paving an alleged boulevard. Decree for plaintiffs. Defendants appeal. Affirmed.

*J. Gilbert Quail* and *Arthur Gloster,* for plaintiffs.

*Walter Barlow (Clarence E. Wilcox,* of counsel), for defendants.

Wiest, J. This is an appeal from an adjudication that Rugby boulevard, now renamed Forrer avenue, in the city of Detroit, is in fact and law a boulevard from Grand River avenue to Fenkell avenue, and property abutting thereon is not subject to special assessment for paving. Rugby subdivision was platted in the township of Redford, Wayne county, in October, 1913, and the proprietors thereof, in accordance with the mandatory language of the statute (3 Comp. Laws 1929, § 13209), dedicated to the use of the public "the streets and alleys shown on said plat." Rugby boulevard extended the length of the plat, or four blocks, and was laid out 100 feet in width, and, by subsequent extension, serves as an important thoroughfare. The plat was approved by the township board and the auditor general and duly recorded. In 1923 the subdivision was annexed to the city of Detroit, and in 1926, Rugby boulevard was renamed Forrer avenue by the city council, and, in 1927, upon petition therefor, the city graded and paved it the width of 40 feet in the center. Previous to paving there were cindered drives on each side of a center grass plot suitable for trees, shrubbery, and ornamentation, and now there are grass plots, from lot lines to the curb of the pavement on each side, 30 feet wide.

The circuit judge viewed the street and surroundings, and determined that it had the characteristics of a true boulevard, and was such in fact and law.

It is to be observed from our decisions that each case, in which this question has been presented, stands upon particular facts.

In *Oprisiu* v. *City of Detroit,* 248 Mich. 590, Mr. Justice SHARPE, speaking for the court, there summarized our holdings in *Miller* v. *City of Detroit,* 244 Mich. 38; *Doherty* v. *City of Detroit,* 244 Mich. 660; and *Coburn* v. *City of Wyandotte,* 245 Mich. 314, as follows:

"The paving of a boulevard is not a local improvement; a city may not, after annexation, change the designation of boulevards to streets, and thus render lot owners liable to special assessments for paving; determination as to whether a certain highway is a street or boulevard does not depend solely upon the name given to it on the plat, but is dependent upon its physical aspects, its width, its length, provision for giving it a parklike appearance by reserving spaces at the sides or center for shade trees, etc."

The fact that lot owners petitioned for the pavement does not preclude resisting liability for special assessment. *Miller* v. *City of Detroit, supra.*

It is evident that purchasers of lots were induced to select location by the width and parklike character of the boulevard.

The decree is affirmed, with costs to plaintiffs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred.