## NICHOLS v. TALLMADGE.

1. MUNICIPAL CORPORATIONS—PAVEMENTS—PETITION MUST SHOW JURISDICTIONAL FACTS—CITY CHARTER.

As basis of special assessment, petition for paving street is jurisdictional, and therefore must show jurisdictional facts on its face, such as qualifications of signers, although charter does not in terms so provide nor set up form of petition.

2. SAME—INJUNCTION—TAXATION—JURISDICTION.

> In suit by property owners to set aside special assessment and to restrain collection of tax for paving street, decree for plaintiffs was properly entered, where petition for pavement failed to show qualifications of signers.

Appeal from Ingham; Carr (Leland W.), J. Submitted October 20, 1932. (Docket No. 167, Calendar No. 36,820.) Decided December 6, 1932.

Bill by Fannie J. Nichols and another, executrixes of the estate of Marcia Jones, deceased, against Nellie D. Tallmadge, treasurer of the city of Lansing, and others to set aside a special assessment for paving. Decree for plaintiffs. Defendants appeal. Affirmed.

*Jason E. Nichols,* for plaintiffs.

*Richard Raudabaugh,* for defendants.

FEAD, J. Plaintiffs filed bill to set aside a special assessment for paving Depot street in the city of Lansing and to restrain collection of the tax. They had decree.

Section 73 of the city charter provides:

"The city council shall have power and authority to determine when any work, or improvement in connection with the city shall be necessary. Provided, that no new pavement shall be laid upon any street in the city, except after a petition signed by a majority of the owners of the property and also the owners of a major portion of the property on said street, has been filed with the city clerk and presented to the council."

The petition, addressed to the mayor and common council, read:

"We, the undersigned, residents and taxpayers of the city of Lansing, do hereby petition your hon-

orable body to pave Depot street from Michigan avenue to E. Ottawa street."

The first question is whether the petition must show that petitioners have the charter qualifications. As a basis of a special assessment, the petition is jurisdictional. Therefore, it must show jurisdictional facts on its face, such as the qualifications of the signers, although the charter does not in terms so provide nor set up the form of the petition. *Tinsman* v. *Monroe Probate Judge,* 82 Mich. 562; *Grand Rapids, etc., R. Co.* v. *Round,* 220 Mich. 475. The other questions need no discussion.

Decree affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.