MACOMB BUILDING CO. *v.* CLINTON TOWNSHIP.

1. TOWNSHIPS—PUBLIC IMPROVEMENTS IN PLATTED LANDS—INITIATORY PETITIONS—SIGNATURES—JURISDICTION OF BOARD.

Under statute providing for special assessment district for public improvements in platted lands in townships, the signatures on the initiatory petition of the owners of the percentage of lands set forth in the statute is necessary in order to give the township board jurisdiction in the matter (1 Comp. Laws 1929, § 2386).

2. SAME—ACTION OF BOARD—INITIATORY PETITION FOR PUBLIC IMPROVEMENT.

The action of a township board based on a petition for public improvements in platted lands is a nullity where initiatory

petition therefor was void because it lacked signatures of owners of sufficient amount of property (1 Comp. Laws 1929, § 2386).

3. SAME—PUBLIC IMPROVEMENT ON PLATTED LAND—INITIATORY PETITION—SIGNATURES—TITLE HOLDERS.

On a petition to initiate proceedings for public improvements in platted lands in townships, the signatures of persons who were not record owners of lands to which the State held record title under deed from auditor general because of nonpayment of taxes at time when petition was filed would not be counted so as to validate the petition even though later on the property was redeemed from the State for plaintiff's grantor (1 Comp. Laws 1929, § 2386).

4. SAME—SPECIAL ASSESSMENT DISTRICTS—JURISDICTION OF BOARD TO ESTABLISH—ESTOPPEL.

The doctrine of estoppel cannot be invoked to establish jurisdiction of a township board to set up a special assessment district for public improvement in platted land (1 Comp. Laws 1929, § 2386).

5. SAME—SPECIAL ASSESSMENT DISTRICTS—CORPORATIONS—ESTOPPEL.

The fact that plaintiff corporation's officers had knowledge of and obtained the benefits from water facilities installed in a special assessment district before corporation purchased lots would not estop latter from claiming levy of assessment was invalid on the ground that initiatory petition failed to give township board jurisdiction to establish the district (1 Comp. Laws 1929, § 2386).

Appeal from Macomb; Reid (Neil E.), J. Submitted April 15, 1944. (Docket No. 78, Calendar No. 42,564.) Decided June 30, 1944.

Bill by Macomb Building Company, a corporation, against Township of Clinton and others to have a levy of special assessments declared void and to restrain collection of the same. Decree for plaintiff. Defendant appeals. Affirmed.

*Nunneley & Nunneley,* for plaintiff.

*John E. Merrill* and *Hugh H. Neale,* for defendants.

BUTZEL, J.   The Macomb Building Company, a Michigan corporation, brought suit to restrain the township of Clinton and its officers from enforcing the collection of a special assessment levied against plaintiff's property for the installation of water facilities.   It alleges that the proceedings to install the water mains were so irregular and insufficient that they conferred no jurisdiction on defendants to make such improvements or levy the assessments. Defendants, while not conceding any irregularity, set forth in their brief only one question upon which they base their appeal: Whether plaintiff is not estopped from raising these objections because, as defendants claim, plaintiff's grantor had participated in the initiation of the proceedings and improvements and the present officers of plaintiff corporation had knowledge of the construction of the improvements and received and accepted their benefits.

Many irregularities are claimed by plaintiff but we shall discuss only one, lack of jurisdiction. While the petitions to install the water facilities were signed by the alleged owners of over 65 per cent. of the lots in the assessment district, as a matter of fact, the parties who signed as owners of 29 of these lots had no title to them, the record title being in the State of Michigan by virtue of deeds from the auditor general which had been duly recorded prior to the filing of the petitions to install the water facilities.   The record owners of only 26 of the 72 lots in the assessment district signed the petition.   This was approximately 36 per cent. instead of the 65 per cent. provided for by statute, 1 Comp. Laws 1929, § 2386 (Stat. Ann. § 5.2412). (The subsequent amendment in Act No. 201, Pub.

Acts 1941 [Comp. Laws Supp. 1943, § 2386, Stat. Ann. 1943 Cum. Supp. § 5.2412], made no change in the per centum required.) The signature of the owners of 65 per cent. of the property is jurisdic-. tional. The board never acquired jurisdiction over the subject matter. Its action based upon a void petition is a nullity. *Auditor General* v. *Fisher,* 84 Mich. 128; *Collins* v. *Township of Grand Rapids,* 108 Mich. 675; *Nichols* v. *Tallmadge,* 260 Mich. 576.

The lots, whose record title was in the State, were not owned by the parties who signed the petition as record owners. The property was redeemed from the State by a trustee of plaintiff's grantor, the latter being the *cestui que trust,* and the State gave a quitclaim deed to him. This, however, occurred after the filing of the petition. Later, and some time after the proceedings to install the water facilities, plaintiff was incorporated and title to these lots was conveyed to it by warranty deed. There is reasonable ground to infer that, in arriving at the price paid for the lots, the unpaid water assessment against these lots must have been considered. Defendants claim that because plaintiff's officers had knowledge of and obtained the benefits from the assessment and because all dealings involving the lots in question were carried out with this knowledge in mind, plaintiff should be estopped from denying the validity of the tax.

While it might be claimed that some minor irregularities in the proceedings can be waived by the action of the parties, the doctrine of estoppel cannot be invoked to establish jurisdiction when none existed. In *Auditor General* v. *Woodward,* 191 Mich. 496, the facts upon which a claim of estoppel was based resemble those in the instant case. The grantor of the parties who claimed the assessment illegal had signed the petition for the improvement.

In holding that there could be no estoppel where there is a lack of jurisdiction, we quoted with approval from Hamilton's Law of Special Assessments to like effect. Also, see *Miller* v. *City of Detroit*, 244 Mich. 38; *Campbell* v. *City of Detroit*, 259 Mich. 297.

Decree for plaintiff affirmed, with costs.

North, C. J., and Starr, Wiest, Bushnell, Sharpe, and Boyles, JJ., concurred. Reid, J., did not sit.