MILLER v. CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—EFFECT OF SIGNING PETITION TO PAVE BOULEVARD.

Where the charter of the city of Detroit provides for a commissioner of parks and boulevards, and grants to him power to pave boulevards at the expense of the city at large, a petition to pave a boulevard may be signed by a lot owner without committing him to assessment liability.

2. SAME—CITY MAY NOT CHANGE DESIGNATION OF BOULEVARDS TO THAT OF STREETS FOR PURPOSE OF TAXING LOT OWNERS.

Where the city of Detroit annexed a subdivision in which boulevards existed by dedication and acceptance, the city was without power, after annexation, by ordinance, to change the designation of boulevards to that of streets, and thereby render lot owners liable to special assessments for paving.

3. SAME—INJUNCTION—LACHES—WAIVER.

Action of a city in changing the designation of boulevards, paved by the city at large, to that of streets, paved at the expense of lot owners, being void, lot owners are not estopped by laches or waiver from maintaining a suit to restrain the city from collecting further instalments of a tax for paving such boulevard.

Appeal from Wayne; Webster (Arthur), J. Submitted April 4, 1928. (Docket No. 19, Calendar No. 33,362.) Decided October 1, 1928. Rehearing denied December 4, 1928.

Bill by Herman A. Miller and William W. Busch against the city of Detroit and another to enjoin the collection of paving assessments. From a decree dismissing the bill, plaintiffs appeal. Reversed, and decree entered for plaintiffs.

*James F. Lane,* for plaintiffs.

*Charles P. O'Neil* and *Clarence E. Wilcox,* Corporation Counsel, and *Paul T. Dwyer,* Assistant Corporation Counsel, for defendants.

WIEST, J. In 1916, the city of Detroit annexed a subdivision in the township of Greenfield, in which two boulevards existed by dedication and acceptance. Upon such annexation the mentioned boulevards became a part of the park and boulevard system of the city. The city charter provides for a commissioner of parks and boulevards, and grants such officer power to control and manage boulevards and pave the same, the expense thereof to be borne by the city at large. After annexation, the city, by ordinance, changed the designation of the two boulevards to that of streets, and, upon petition of plaintiff Busch and others, directed that the streets be paved. Paving assessments, to be paid in instalments, were levied, and Busch paid two annual parts thereof, and then, with plaintiff Miller, filed the bill herein to enjoin the city from exacting further payments. Plaintiffs, who purchased lots on the boulevards before enactment of the ordinance changing the nomenclature thereof, claim that the boulevards were taken into the city as such, and their character

could not be changed into mere city streets by ordinance designation and thereby render lot owners liable to special assessment for paving. The circuit judge held plaintiffs estopped by laches and waiver, and dismissed the bill. Plaintiffs appealed.

Boulevards may be paved and a petition to that end may be signed by a lot owner without committing him to assessment liability. The action of the city, in declaring the boulevards to be streets, was void. See *MacLachlan* v. *City of Detroit,* 208 Mich. 188. Plaintiffs are not estopped by laches or waiver, for such cannot be invoked under void proceedings.

Some language in *Albers* v. *City of St. Louis,* 268 Mo. 349 (188 S. W. 83), is applicable to the case at bar. In that case the city, by ordinance, changed a boulevard into a street in order to increase the size of an assessment district, allowable in cases of streets but not so in cases of boulevards. It was said by the court:

"The city must look to its charter for its power to levy its tax, and must abide by the limitations upon those powers which are therein expressed. It is presented in this case by the fact that the legislature, in conferring upon it its charter powers, has authorized it to establish and open 'boulevards' but has, in the same section (section 1, art. 6), provided that the benefit district against which the cost of such opening may be assessed shall be limited to the property fronting or bordering on such boulevard; while in cases of the opening of streets and alleys which do not come within the description of boulevards, the benefit district may include and the cost be levied upon other property in the neighborhood, as was done in this case. The plaintiff insists that his property is not subject to taxation for the establishment and opening of King's Highway Northeast, because it is within the description of a boule-

vard, as used in the charter, and is consequently expressly excluded from the rule prescribed in case of those highways described in the same instrument as streets and avenues, in which the legislature has prescribed another and totally inconsistent rule. It thus becomes the duty of the city to observe this distinction in substance as well as in name.

"The word 'boulevard,' in its descriptive sense, which is the sense in which it is used in the statute and with which we have to deal, is well understood, and implies a way designed for pleasure as well as for commercial intercommunication, and having the scenic features, which please rather than profit. Perhaps the definition we find in the New International Dictionary, 'A broad avenue in or around a city, especially one decoratively laid out with trees, belts of turf,' etc., is as expressive of its nature as anything that could be said. It is these æsthetic features which constitute the foundation of the special system of taxation applied by charter of the city of St. Louis. Their park-way features are especially available to those whose homes border them, while the scenic drive which they afford is available to the entire city as well as to those who reside a block away. Limitations imposed upon their commercial use make them less available in that respect to those who reside or do business in the neighborhood outside their immediate vicinity than ordinary well improved streets. For these and perhaps other reasons as good the legislature has seen fit to impose the cost of establishing and opening them upon the adjoining owners and the city at large, and to exempt property which, like that of the plaintiff, receives little benefit from their establishment and maintenance. The legislature has made the distinction in the exercise of its constitutional powers and we can only inquire of its motives to aid us, when in doubt, to interpret its language. If, under the ordinance No. 24,224, King's Highway Northeast is a 'boulevard' within the legislative

meaning of the word the city had no power to tax the land of plaintiff to pay the cost of opening it, for that power was not only withheld in the charter, but its exercise was expressly forbidden. In considering the question we must remember that we have to do with *things* rather than with names, for the legislature is as powerless to impose such an assessment for the opening of a boulevard by naming it a street as it would be to impose a special tax for a cemetery by naming it a park. The charter provision rests upon the thing itself and it cannot be disobeyed by the mere manipulation of the nomenclature in which its commands are expressed."

The decree in the circuit is reversed, and one will be entered here enjoining the city from collecting further instalments of the paving tax from plaintiffs. Plaintiffs will recover costs.

FEAD, C. J., and NORTH, FELLOWS, CLARK, MC-DONALD, POTTER, and SHARPE, JJ., concurred.