OPRISIU *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—PAVING BOULEVARD NOT LOCAL IMPROVEMENT UNDER DETROIT CITY CHARTER.

Under charter of city of Detroit, paving of boulevard is not local improvement for which special assessment may be levied.

2. SAME—CITY MAY NOT CHANGE DESIGNATION OF BOULEVARDS TO STREETS.

City may not, after annexing subdivision in which boulevards existed, change designation of boulevards to streets, and thus render lot owners liable to special assessments for paving.

3. SAME—WHETHER HIGHWAY IS STREET OR BOULEVARD NOT DEPENDENT ON NAME BUT ON PHYSICAL ASPECTS.

Determination as to whether certain highway is street or boulevard does not depend solely on name given to it on plat, but is dependent on its physical aspects, its width, length, provision for giving it parklike appearance by reserving spaces at sides or center for shade trees, etc.

4. SAME—PRIMA FACIE CHARACTER OF HIGHWAY FROM DESIGNATION MAY BE OVERCOME.

While designation given to highway on plat and its approval by proper authorities may be said to *prima facie* establish its character, this may be overcome.

5. SAME—PETITION FOR PAVEMENT—ESTOPPEL.

Petition for pavement of highway, signed by plaintiff's grantor, does not preclude plaintiff from resisting liability for special assessment on ground that highway is boulevard and not street.

6. SAME—HIGHWAY HAVING NONE OF CHARACTERISTICS OF BOULEVARD IS IN FACT STREET.

Where highway only four blocks long was designated on plat as boulevard, but ever since being taken into city it has been treated as street, extension thereof is designated as avenue, and it has none of characteristics of boulevard, it is in fact street, for pavement of which abutting property owners are liable to special assessment.

Appeal from Wayne; McPeek (Russell R.), J., presiding.    Submitted October 8, 1929.    (Docket No. 7, Calendar No. 34,253.)    Decided December 3, 1929.

Bill by Daniel Oprisiu and another against the City of Detroit and another to enjoin the collection of paving assessments. From a decree dismissing the bill of complaint, plaintiffs appeal. Affirmed.

*Mason, Alexander, Ruttle & McCaslin,* for plaintiffs.

*Paul T. Dwyer (Clarence E. Wilcox,* of counsel), for defendants.

SHARPE, J.    On May 12, 1916, there was filed in the office of the register of deeds of Wayne county a plat designated "Leland Heights Sub'n" of a part of section 12 in the township of Greenfield, in that county.    On it appeared a street 75 feet wide, designated "Marx Boulevard," four blocks (approximately 2,200 feet) in length.    The then owners dedicated the "streets and alleys" shown thereon "to the use of the public."    On November 7, 1916, this property was duly annexed to the city of Detroit. The plaintiffs purchased a lot fronting on this street in 1924.    Prior to their purchase, their grantor, Frank Vettes, had joined with about 75 owners of other lots in a petition to the common council, asking for the pavement thereof from the Six-mile road to Nevada avenue.    The street was referred to in this petition as "Marx Ave."    Proceedings were taken in compliance with the petition, and the pavement laid.    A special assessment was levied against the lots fronting on the boulevard.    Plaintiffs here

seek to enjoin the city from collecting such special assessment, for the reason that the expense of paving the boulevards in the city must be paid by public taxation. The trial court entered a decree dismissing the bill, from which plaintiffs have taken an appeal.

Plaintiffs rely upon our decisions in *Miller* v. *City of Detroit*, 244 Mich. 38; *Doherty* v. *City of Detroit*, 244 Mich. 660, and *Coburn* v. *City of Wyandotte*, 245 Mich. 315. The holding in these cases may be thus summarized: The paving of a boulevard is not a local improvement; a city may not, after annexation, change the designation of boulevards to streets, and thus render lot owners liable to special assessments for paving; determination as to whether a certain highway is a street or boulevard does not depend solely upon the name given to it on the plat, but is dependent upon its physical aspect, its width, its length, provision for giving it a parklike appearance by reserving spaces at the sides or center for shade trees, etc. The question here presented is whether this street is a boulevard in fact.

While the name given to it on the plat and its approval by the proper authorities may be said to *prima facie* establish its character, this may be overcome. It is somewhat significant that in the dedication it was referred to as a street. As platted, it was but four blocks in length. It now extends a distance of two miles, and in the connecting plats is stated to be an avenue. It is narrower than any of the streets involved in the cases above cited, and has none of the characteristics of a boulevard. It has been treated as a street since taken into the city in 1916, and, while the petition for its pavement, signed by plaintiffs' grantor, does not preclude him from resisting liability for the special

assessment (*Miller* v. *City of Detroit, supra*), it clearly indicates that these lot owners had no thought in mind at the time of their purchase that their lots would be relieved from the expense incident to such paving. In our opinion this street is not a boulevard in fact.

The decree dismissing plaintiffs' bill is affirmed, with costs to appellees.

NORTH, C. J., and FEAD, BUTZEL, WIEST, CLARK, McDONALD, and POTTER, JJ., concurred.