THEISEN *v.* CITY OF DETROIT.

1. HIGHWAYS AND STREETS—BOULEVARDS—DEFINITION.

While the word "boulevard" has not been exactly defined, to the popular mind and understanding it suggests, at least, a broad and attractive highway, designed and used for the transportation of persons and things.

2. SAME—DEDICATION—DESIGNATING STREETS AS BOULEVARDS IN PLAT.

In dedication of plat, where the streets were laid out as such, there was nothing significant in designating them as "boulevards."

3. SAME—PRIVATE PARTIES MAY NOT TAKE BACK PART OF DEDICATED STREET.

Private individuals may not, as against the public, after the dedication of land as a street and acceptance by the proper authorities, take back the land so dedicated or any rights therein.

4. SAME—PRIVATE PARTIES MAY NOT CHANGE STREET TO BOULEVARD.

Persons interested in plat may not, on their own initiative, after streets have been dedicated to the public, change them to boulevards by making park places in the middle of them, and by planting grass, shrubs, and flowers.

5. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—CONTROL OVER STREETS—TAXATION—IMPROVEMENTS.

City has reasonable control over its public streets, and has right to grade, pave, and otherwise improve them, and to assess the abutting property owners for cost and expense of same.

Appeal from Wayne; Lamb (Fred S.), J., presiding. Submitted April 15, 1931. (Docket No. 95, Calendar No. 35,450.) Decided June 1, 1931.

Bill by Robert L. Theisen, individually and as agent of others, against City of Detroit, a municipal corporation, to restrain imposition of a special paving tax assessment. Decree for defendant. Plaintiffs appeal. Affirmed.

*Frank C. Golden* and *Benedict H. Lee,* for plaintiffs.

*Walter Barlow (Clarence E. Wilcox,* of counsel), for defendant.

POTTER, J. Plaintiffs filed a bill of complaint against defendant for an injunction to restrain it from imposing a special tax assessment upon their lands and premises to defray the cost and expense of paving Liddesdale avenue, and from enforcing such assessment already placed thereon, and from selling any of said lands for the nonpayment of such special assessment. The lands and premises in question at the time they were platted were a part of Ecorse township, Wayne county. On the 15th day of November, 1915, a part of the lands in dispute were platted and the streets and alleys as shown on said plat were dedicated to the use of the public. On March 22, 1916, a part of said lands and premises were platted and the streets and alleys as

shown on said plat were dedicated to the use of the public. These plats were severally approved by the township board of the township of Ecorse, Wayne county. The land in controversy, whether a street or a boulevard, was laid out on the plats as a street, although it was named on each of the plats as a boulevard. There was nothing indicating any part of the lands dedicated to the public was not to be used as streets. The parties plaintiff bought their lands according to the recorded plat thereof.

The word "boulevard" has not been exactly defined.

"To the popular mind and understanding it suggests, at least, a broad and attractive highway, designed and used for the transportation of persons and things. Such transportation may be by any of the means now commonly employed on the streets of a city or on the roads of the country." *Clendaniel* v. *Conrad,* 26 Del. 549 (83 Atl. 1036, Ann. Cas. 1915 B, 968).

The word "boulevard" is thus defined in the Century dictionary:

"Originally, a bulwark or rampart of a fortification or fortified town; hence, a public walk or street occupying the site of demolished fortifications. The name is now sometimes extended to any street or walk encircling a town, and also to a street which is of especial width, is given a parklike appearance by reserving spaces at the sides or center for shade trees, flowers, seats, and the like, and is not used for heavy teaming." *West Chicago Park Comrs.* v. *Farber,* 171 Ill. 146 (49 N. E. 427).

... This court, in defining a boulevard, quoted with approval the language of *Albers* v. *City of St. Louis,* 268 Mo. 349 (188 S. W. 83); *Miller* v. *City of Detroit,* 244 Mich. 38.

In view of the dedication of the street upon the plat to the public, there is nothing in the name "boulevard" that would indicate it was other than a public street. It is undisputed parties interested in the sale of the lots bordering on or affected by this street on their own initiative changed the street by putting islands or park places in the center thereof which were covered with grass, shrubs, and flowers. The seller sold the lands herein involved, and represented, in some cases at least, the street was a boulevard. There was nothing on the plat to indicate that either the lot owners or anyone else had any interest in the street. It was dedicated to the public. The title was held for the use of the public. Private individuals could not, as against the public, after the dedication of the property as a street and acceptance by the township, take back the land so dedicated or any rights in it. They were powerless to change the dedication. All of the street remained as dedicated for street purposes. After the annexation of the land here involved to the city of Detroit and upon the petition of the abutting property owners, the street was paved by the city, and in so paving the city removed the park-way in the middle of the street and paved the entire width thereof. The city has reasonable control over its public streets. It has a right to grade, pave, and otherwise improve them, and under the facts in this case it had a right to assess the abutting property owners for the cost and expense of this improvement. The trial court so held, and with his holding we agree. The decree of the trial court is affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, SHARPE, NORTH, and FEAD, JJ., concurred.