MEYER *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—ORDINANCES—CHANGING DESIGNATION OF BOULEVARD TO AVENUE.
   Finding of trial court that city street has characteristics of boulevard and is such in fact, and that ordinance purporting to change it to avenue in no way affected it as such, *held*, justified by record.

2. SAME—INJUNCTION—TAXATION—SPECIAL ASSESSMENT FOR PAVING BOULEVARD ENJOINED.
   City undertaking to widen boulevard pavement was properly enjoined from assessing cost of same against adjoining property; same being assessable against city at large under its charter.

Appeal from Wayne; Parker (James S.), J., presiding. Submitted January 27, 1932. (Docket No. 137, Calendar No. 36,187.) Decided March 2, 1932. Rehearing denied June 6, 1932.

Bill by Gustave A. Meyer and others against City of Detroit and another to enjoin special assessment for boulevard paving. Decree for plaintiffs. Defendants appeal. Affirmed.

*Henry H. Roberts* and *Lawhead & Kenney*, for plaintiffs.

*Paul T. Dwyer* (*Clarence E. Wilcox*, of counsel), for defendants.

SHARPE, J. A plat of parts of sections 11 and 12 in the township of Greenfield, in Wayne county, was executed by the owner of the lands, the Russel Woods Company, on January 26, 1916, and designated "Russel Woods Sub'n." It was approved by the township board of that township and the board of county auditors of the county of Wayne, and thereafter duly recorded. In November of that year, the territory embraced in it was taken into and became a part of the city of Detroit.

The principal street in the plat is designated "Broadstreet Boulevard." It is 100 feet wide, and extends the full length of the plat from Joy road at the south to Davison avenue at the north. These are both paved streets, with street car lines thereon. The lots on both sides of Broadstreet boulevard were platted much wider, and are of greater length, than any of the other lots except those fronting on a park near the center of the plat and adjacent to this boulevard, and were sold for higher prices. It is apparent that it was designed for the better class of residences, and the evidence shows that fine homes

have been erected on them, costing from $25,000 to $50,000.

This street was paved by the subdividers who platted it to a width of 26 feet. It had signs on it calling it a "boulevard," and was known as such until the city council of Detroit, in 1922, passed an ordinance purporting to change its name to "Broadstreet avenue." The effect of this ordinance was considered by this court in *Miller* v. *City of Detroit,* 244 Mich. 38, and it was held void as to streets which were in fact "boulevards."

In 1928 the city widened the pavement on this street, and has taken proceedings to charge the owners of the abutting property with the expense thereof. The bill of complaint herein was filed to restrain such action, and a decree was entered granting such relief, from which the city has taken this appeal.

The question presented is whether this street is a boulevard in fact. In the opinion filed by the trial court he said:

"The court finds from the evidence in this case, and personal inspection, that Broadstreet boulevard or Broadstreet avenue, as the city of Detroit now calls it, is a boulevard, in fact. That it possesses the shade, the beauties, the width and the æsthetic features which would make it a pleasure to ride upon.

"In this street originally, and by the platters, the sidewalk, six feet in width in front of the residences on both sides, are set back into the boulevard ten feet and, as the testimony shows, in a large number of cases and from the appearance to the court, in practically all the rest of the abutting property, there is placed flowers, shade, plants, landscaping and the things that this court believes a boulevard should have of that character."

This court has had occasion to pass upon the question presented as to other streets in a number of recent decisions. *MacLachlan* v. *City of Detroit,* 208 Mich. 188; *Miller* v. *City of Detroit, supra; Doherty* v. *City of Detroit,* 244 Mich. 660; *Coburn* v. *City of Wyandotte,* 245 Mich. 314; *Oprisiu* v. *City of Detroit,* 248 Mich. 590; *Theisen* v. *City of Detroit,* 254 Mich. 338.

It will serve no useful purpose to again state the test to be applied, nor to quote the testimony submitted by the plaintiffs to establish the fact. The trial court heard and saw the witnesses, inspected the street and its surroundings, and concluded that this street was a boulevard in fact; that the ordinance in no way affected it as such, and that the plaintiffs are entitled to the relief sought by them. With this conclusion we are in accord.

The decree so providing is affirmed, with costs to appellees.

CLARK, C. J., and McDONALD, POTTER, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.