HOUSEMAN *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—SPECIAL ASSESSMENTS—BOULEVARDS—STREETS.

   Where, when plats were dedicated, township authorities did not consider thoroughfares therein as boulevards, although some of them were so designated, acceptance of them as such imposed no obligation on city of Detroit, to which said plats were later annexed, to bear cost of paving them as boulevards under city charter.

2. SAME—RIGHT OF PROPERTY OWNERS TO BE RELIEVED OF SPECIAL ASSESSMENTS—EVIDENCE.

   While fact that property owners have paid to city certain instalments of paving assessment is not conclusive as to their right to have it paid by city at large, it is indicative that they believed, or at least assumed, that they were not entitled to exemption on ground that their properties fronted on boulevards rather than on ordinary avenues or streets.

---

As to definition of boulevard, see annotation in 58 A. L. R. 1198.

3. SAME—JUDGMENT—RES JUDICATA.

Whether certain thoroughfares in city of Detroit are boulevards in fact, cost of paving which should be paid by city at large under city charter, must be decided on record in instant case; decision in another case, on different record, not being controlling.

4. SAME—DISTINCTION BETWEEN STREET AND BOULEVARD.

Whether certain highway is street or boulevard does not depend solely upon name given to it on plat, but is dependent upon its physical aspects, its width, length, provision for giving it parklike appearance by reserving spaces at sides or center for shade trees, etc.

5. SAME—PAVING TAX—INJUNCTION.

In suit by property owners to set aside assessments for paving on ground that thoroughfares paved were boulevards and therefore cost of pavement should be charged against city at large, finding of trial court that thoroughfares in question were not boulevards, and therefore plaintiffs were not entitled to relief sought, *held*, justified by record.

Appeal from Wayne; Collingwood (Charles B.), J., presiding. Submitted October 14, 1931. (Docket No. 114, Calendar No. 36,010.) Decided April 4, 1932.

Separate bills by Robert G. Houseman and 23 others against the City of Detroit, a municipal corporation, to enjoin collection of special assessments for paving purposes. Cases consolidated. Bills dismissed. Plaintiffs appeal. Affirmed.

*Peter P. Boyle,* for plaintiffs.

*Paul T. Dwyer (Clarence E. Wilcox,* of counsel), for defendant.

NORTH, J. The plaintiffs in these two cases and in 22 others filed bills of complaint in the circuit court of Wayne county, in chancery, by which each

sought to have assessments against his property for paving the thoroughfare upon which it fronted declared to be null and void; to have the city of Detroit enjoined from collecting further assessments and to be decreed to return assessments already paid. This relief was sought upon the theory that in each instance the thoroughfare was a boulevard and the cost of pavement thereon a charge against the city at large and under its charter payable from general funds and not assessable against abutting property. In each case the trial court found the thoroughfare was not a boulevard and decrees were entered for defendant. Plaintiffs have appealed. In this court, as in the circuit, the 24 cases have been consolidated and are here as one cause.

Plaintiffs' properties are located on 12 or 13 separate subdivisions originally laid out in the township of Greenfield, Wayne county, and thereafter annexed to the city of Detroit. As laid out on these plats, the respective thoroughfares are called boulevards. But in each instance the thoroughfares laid out on the respective plats were dedicated as streets, not as boulevards. The acceptance or approval of the plats was obviously on the basis of a dedication of streets, notwithstanding they were called boulevards. Some of them as originally platted had parkways in the center; but almost without exception, as subsequently developed, these thoroughfares had practically none of the physical attributes of a boulevard. With two exceptions, which cannot be checked accurately from the record, they were paved as ordinary streets without parkways or other physical features characteristic of boulevards. The pavements varied in width from 26 to 36 feet, except the pavement on Church street

(now Hubbell), which is 40 feet wide. With two or three exceptions, none of these streets are more than 75 feet in width, the exceptions extending to a width of 80 feet. Almost without exception, these thoroughfares on the particular plats in question are only 1 or 2 blocks in length; none exceed 3 blocks. They extend through other subdivisions, in some of which they are called avenues, in some streets, and in others boulevards. But in each instance the major portion of the thoroughfare is not known as a boulevard; and as to some of them only a very small portion is denominated a boulevard. For example, the so-called Wisconsin boulevard is known as Wisconsin avenue for a distance of over 5 miles, but is denominated a boulevard for a distance of less than a quarter of a mile. It is established by the record that when the plats here involved were dedicated the township authorities did not consider the thoroughfares as boulevards; and the acceptance of them as such imposed no obligation on the municipality to bear the cost of paving. The property owners in their dealings with the public officials heretofore have not taken the attitude that any of these thoroughfares were boulevards, and they have not been treated as such by the defendant. It is conceded in the record that witnesses could be produced in behalf of the plaintiffs who would testify that they purchased property on these thoroughfares believing them to be boulevards, and defendant likewise could produce witnesses who would testify that in their purchase of such properties they considered the thoroughfares as ordinary streets.

In each of these cases it is alleged that the plaintiffs have paid to the city certain instalments of the paving assessment. While this circumstance is not conclusive as to the rights of plaintiffs, it is indica-

tive of the fact that even they as property owners on these thoroughfares believed, or at least assumed, that they were not entitled to exemption from paving assessments on the ground that their properties fronted on boulevards rather than ordinary avenues or streets. Under the testimony in this record it is established that these thoroughfares are in fact streets or avenues, not boulevards.

Appellants, claiming that the physical conditions are identical, or at least similar, rely upon our decision in *Miller* v. *City of Detroit*, 244 Mich. 38, wherein certain thoroughfares were held or at least assumed to be boulevards. In the *Miller Case* there seems not to have been a serious contest as to whether the thoroughfares were boulevards in fact; and in any event decision in the *Miller Case* was based on the record there presented, and decision in these cases must be based on the record here presented.

Our decision in *Oprisiu* v. *City of Detroit*, 248 Mich. 590, is very much in point. Justice SHARPE, speaking for the court, said:

"Determination as to whether a certain highway is a street or boulevard does not depend solely upon the name given to it on the plat, but is dependent upon its physical aspect, its width, its length, provision for giving it a parklike appearance by reserving spaces at the sides or center for shade trees, etc. The question here presented is whether this street is a boulevard in fact.

"While the name given to it on the plat and its approval by the proper authorities may be said to *prima facie* establish its character, this may be overcome."

The decrees entered in the respective cases in the circuit court are affirmed, with costs to appellee.

CLARK, C. J., and POTTER, SHARPE, and FEAD, JJ., concurred with NORTH, J.

WIEST, J. (*concurring in result*). I concur in the result announced in the opinion of Mr. Justice NORTH, but do not accept his following reference to the case of *Miller* v. *City of Detroit*, 244 Mich. 38:

"Wherein certain thoroughfares were held *or at least assumed* to be boulevards."

The opinion therein decided issues of fact and law presented by the record and no assumption was indulged.

McDONALD and BUTZEL, JJ., concurred with WIEST, J.