BRENNAN *v.* CITY OF DETROIT.

McKENNA *v.* SAME.

MUNICIPAL    CORPORATIONS—SPECIAL    ASSESSMENTS—TAXATION—
    BOULEVARDS.
    Where· highway was dedicated as street, and, after subdivision
    was annexed to city, it was called avenue, but treated, used,
    and improved as ordinary street, cost of paving it as avenue,
    on petition of abutting property owners, is not assessable
    against city at large on theory that it is boulevard, merely
    because it was so designated on original plat.

Appeal from Wayne; Cutler (Hal L.), J., presiding.. Submitted January 27, 1932. (Docket No. 87, Calendar No. 36,008.)   Decided April 4, 1932.

Separate bills by John J. Brennan and others and James A. McKenna and others against city of Detroit to declare certain special assessments for paving purposes void.   Bills dismissed.   Plaintiffs appeal.   Affirmed.

*John C. Coots (Leo J. Ward,* of counsel), for plaintiffs.

*Paul T. Dwyer (Clarence E. Wilcox,* of counsel), for defendant.

POTTER, J.   Plaintiffs, by their bill of complaint, seek to declare a special assessment levied and assessed to defray the cost and expense of paving a part of Dexter boulevard, so-called, in Detroit, void, and to recover from defendant the part of

such special assessment paid. From a decree for defendant, plaintiffs appeal. The part of Dexter boulevard, so-called, here involved, is in Dexter Park subdivision and Robert Oakman's Livernois and Terminal subdivision. The first plat shows the picture of an island in the center of the so-called boulevard; the second shows a wide street without islands in the center thereof. These subdivisions were both platted when the lands included therein formed a part of Greenfield township, Wayne county. They were annexed to the city of Detroit in 1916. After these subdivisions were taken into the city, Dexter boulevard, so-called, was opened as a street and a cinder road laid down the center of it. Later the abutting landowners petitioned defendant to pave it, designating it in the petition as Dexter avenue, under an ordinance of defendant by which the cost and expense of paving could be levied and assessed against the abutting property. Pavement was laid by defendant in pursuance of this petition and the special assessment levied and assessed, which is in controversy. There is nothing in the manner in which this so-called boulevard was treated, used, or improved by the city, different from ordinary streets. The abutting owners in petitioning for its pavement designated it as Dexter avenue. It was not treated by either the abutting owners or the defendant as a boulevard, in fact. The trial court, considering the effect of the designation on the plats, said:

"I don't believe it may be said that a subdivider can go out and subdivide a piece of wild land, adjacent to a growing city which he knows is soon about to overlap his section of the country, and by a mere drafting of a plat indorsing thereon a boulevard, compel a city, which in the natural course

of events is bound to overgrow it, to take it in as a boulevard and pave that street at the expense of the city without any charge upon the adjacent owners. If that were true, then any subdivider would be out of his head who subdivided at all, if he did not make every thoroughfare in the subdivision a boulevard, because it would sell that much more readily and be that much more advantageous in the market to people who sought to buy."

Though on both plats the name Dexter boulevard is applied to the so-called boulevard in question, the dedication in each case by the subdividers was of streets and alleys. After the property was taken into the city it was called Dexter avenue, and as such the abutting property owners petitioned for its pavement. The facts in this case tending to establish the so-called boulevard as such are not stronger than in *Oprisiu* v. *City of Detroit,* 248 Mich. 590, and *Theisen* v. *City of Detroit,* 254 Mich. 338. We think the trial court arrived at a correct conclusion. Affirmed, with costs.

CLARK, C. J., and MCDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.