BARRIS *v.* CITY OF DETROIT.

1. DEDICATION—HIGHWAYS AND STREETS—BOULEVARDS—MUNICIPAL CORPORATIONS.

Where subdivision owners established and improved boulevard as such in fact and in point of law, it became city boulevard when subdivision was annexed to city.

2. SAME—INTENTION TO ESTABLISH BOULEVARD.

Intention of subdivider to establish boulevard, indicated by such designation on recorded plat, is not defeated by dedicating "streets and alleys," shown on plat, to use of public.

3. HIGHWAYS AND STREETS—BOULEVARDS—DEDICATION.

Boulevard is in fact street with opportunity afforded for added parklike features, so that boulevard, designated as such on plat, falls within general description of street or highway.

4. MUNICIPAL CORPORATIONS—CHANGING BOULEVARD TO STREET.

Where boulevard was established and improved as such by subdividers, and was in fact and law boulevard when subdivision was annexed to city, action of city authorities in destroying boulevard features did not have effect of changing it to street.

Appeal from Wayne; Jayne (Ira W.), J. Submitted October 11, 1932. (Docket No. 67, Calendar No. 36,308.) Decided December 6, 1932. Rehearing denied March 2, 1933.

Bill by Herman Barris and others against City of Detroit, a municipal corporation, and another to set aside special assessments for paving an alleged boulevard. Decree for plaintiffs. Defendants appeal. Affirmed.

*George W. Bourke,* for plaintiffs.

*Paul T. Dwyer* (*Clarence E. Wilcox,* of counsel), for defendants.

WIEST, J. This is an appeal by defendants from a decree adjudging the Strathmoor boulevard, in Strathmoor subdivision, formerly in the township of Greenfield, Wayne county, and now annexed to the city of Detroit, in law and fact, a boulevard from Glendale to Schoolcraft avenues, a distance of 2,667.54 feet. The plat of the subdivision, executed and filed in May, 1925, dedicated the "streets and alleys," as shown thereon, to the use of the public. Strathmoor boulevard and three others in the subdivision, all 75 feet in width, were termed boulevards. On Strathmoor boulevard the proprietors of the subdivision installed curbed concrete pavements

16 or 18 feet wide on each side of a 20-foot center grass strip, upon which they planted ornamental shrubbery and placed street lights. Sidewalks four feet in width were also constructed. Such were the established characteristics and features of Strathmoor boulevard when the city of Detroit, on November 14, 1923, annexed the subdivision.

For a time after annexation the city maintained the boulevard features, but in 1927 placed a new pavement 30 feet in width in the center of the boulevard, removed the former pavement, and destroyed all the boulevard features. It is manifest that the boulevard was established and improved as such in fact and in point of law, and it became a city boulevard when the subdivision was annexed to the city.

Counsel for defendants cite *Oprisiu* v. *City of Detroit,* 248 Mich. 590; *Theisen* v. *City of Detroit,* 254 Mich. 338; *Houseman* v. *City of Detroit,* 257 Mich. 557; and *Brennan* v. *City of Detroit,* 258 Mich. 69. These cases were decided on particular facts, and decision in the instant case is controlled by the record here presented.

The intention of the subdivider to establish a boulevard, indicated by such designation on the recorded plat, is not defeated by dedicating the "streets and alleys," shown on the plat, to the use of the public. A boulevard is in fact a street with opportunity afforded for added parklike features. A boulevard, designated as such upon the plat, falls within the general description of a street or highway. *Burridge* v. *City of Detroit,* 117 Mich. 557 (42 L. R. A. 684, 72 Am. St. Rep. 582).

The decree is affirmed, with costs to plaintiffs.

Clark, C. J., and McDonald, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred.