GALLAGHER *v.* CITY OF DETROIT.

1. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—BOULEVARDS—EQUITY.

   Comparatively short section of long thoroughfare should not be held to be boulevard when major portion thereof confessedly is not boulevard, unless persuasive circumstances exist which amply justify such holding, and render contrary holding inequitable.

2. SAME—SPECIAL ASSESSMENTS—DETROIT CHARTER.

   Evidence showing that thoroughfare in subdivision in city of Detroit was designated boulevard on plat, that adjoining owner donated substantial amount of land on condition that it should be boulevard, that it was so developed by planting trees and shrubbery in strip in middle, and that it was known as boulevard and so designated on street signs, *held*, sufficient to establish that it is boulevard, expense of paving which is charge against city at large rather than against adjoining property owners, under city charter.

3. DEDICATION—HIGHWAYS AND STREETS—BOULEVARDS—EVIDENCE—MUNICIPAL CORPORATIONS.

   While recital in dedication of plat that "streets and alleys as shown in said plat" were dedicated to use of public is of evidentiary force in determining whether said thoroughfares should be streets rather than boulevards, it is not conclusive.

4. MUNICIPAL CORPORATIONS—HIGHWAYS AND STREETS—BOULEVARDS—SPECIAL ASSESSMENTS.

   City may not render adjacent property liable to assessment for street improvements by merely changing designation of boulevards to streets, but each case must be determined from its own facts.

Appeal from Wayne; Sample (George W.), J., presiding. Submitted January 13, 1933. (Docket No. 148, Calendar No. 36,981.) Decided March 2, 1933.

Bill by Michael James Gallagher, Roman Catholic Bishop, against the City of Detroit, a municipal corporation, and another to cancel a special paving assessment. Decree for plaintiff. Defendants appeal. Affirmed.

*Walter Barlow* (*Clarence E. Wilcox*, of counsel), for appellants.

*Frank C. Cook* and *John P. O'Hara* (*John Conway Cook*, of counsel), for appellee.

NORTH, J.   Plaintiff by a bill in equity seeks cancellation of a special paving assessment levied against property located on the northeast corner of Grand River avenue and what is now denominated St. Mary's avenue in the city of Detroit. The assessment is for paving St. Mary's avenue adjacent to plaintiff's property. It is claimed that the property is not subject to this assessment because the thoroughfare as laid out and dedicated in Norwood subdivision was and is a boulevard both in law and in fact; and also because plaintiff's predecessor in title and in office donated a substantial amount of valuable land for street purposes in laying out St. Mary's boulevard through the Norwood subdivision with the express understanding and agreement that the thoroughfare should be a boulevard. Plaintiff had decree in the circuit court; and the question here for review on defendants' appeal is whether this thoroughfare now known as St. Mary's avenue as laid out in the Norwood subdivision is in fact and in law a boulevard. If it is, the expense of paving because of a charter provision is a charge against the city at large; but if it is not a boulevard plaintiff's property is subject to the assessment made for paving.

The plat of the Norwood subdivision was recorded July 24, 1916. The property was then located in Redford township, Wayne county. The subdivision was annexed to the city of Detroit in 1923. On the recorded plat this thoroughfare is denominated St. Mary's boulevard. It extends through the subdivision from Grand River avenue on the south to Fenkell avenue (formerly 12th street) on the north, a distance of approximately 2,003 feet. The southerly 799 feet of the boulevard is 80 feet in width, and the remaining portion 85 feet in width. Neither plaintiff herein nor plaintiff's predecessor had any interest in the laying out of Norwood subdivision, which lies to the west of St. Mary's boulevard, while plaintiff's property lies to the east. The year following the annexation of this subdivision, the defendant city by ordinance changed the name of this boulevard to St. Mary's avenue. The city also gave this name to the extensions of this thoroughfare both north and south of Norwood subdivision through upwards of 20 separate subdivisions extending substantially three and a half miles south of Grand River avenue to the city limits of Dearborn and about two and a half miles north to Pembroke avenue in the city of Detroit. The thoroughfare thus by ordinance denominated St. Mary's avenue had theretofore been known by various names in the various subdivisions in which it was laid out. In places the street jogs 90 feet or more, and also at four or five places the continuity of the street is broken by intervening parcels of unplatted land. The width of the street varies in different localities, but usually it is from 50 to 60 feet with the exception of Norwood subdivision, where, as noted, the southerly portion is 80 feet in width, and the northerly portion 85 feet. It appears that each of the plats through which this

street passes was recorded subsequent to the recording of the Norwood plat, at least this is true of most of them and of the plat lying next south and the one lying next north of the Norwood subdivision.

Without petition from plaintiff or property owners in the Norwood subdivision, the city of its own motion decided to pave St. Mary's avenue. The work was done in 1928. Outside of the Norwood subdivision the pavement on St. Mary's avenue was laid ·30 feet in width, but inside the Norwood subdivision the pavement was 40 feet in width, and centrally located in the thoroughfare. In laying this pavement, the city removed the island or parkway and the trees and shrubbery that theretofore had been in the center of the street. The facts here are such that the claim could not plausibly be asserted that any portion of St. Mary's avenue outside of Norwood subdivision is a boulevard. Doubtless it is true that a comparatively short section of a long thoroughfare should not be held to be a boulevard when the major portion thereof confessedly is not a boulevard, unless persuasive circumstances exist which amply ·justify such holding. But when the facts render a contrary holding inequitable, there should be no hesitancy in making the determination accord with the factual situation. In *Campbell* v. *City of Detroit,* 259 Mich. 297, a section of Forrer avenue was held to be a boulevard, although the remainder of the thoroughfare, over seven miles long, was not a boulevard. In the instant case the facts are such that it would be highly inequitable, if not in violation of contract, to sustain the city's contention that this thoroughfare as laid out in the Norwood subdivision is not a boulevard.

As noted above, without being interested in the laying out of the subdivision, plaintiff's predecessor

donated from its property a valuable piece of land 40 feet wide and about 800 feet long to be included in this thoroughfare, but on the express condition that it should be known as St. Mary's boulevard, and "that driveways be cut through the park portion of said proposed boulevard and at such places as may be designated by this committee" which represented the donor. Prior to this donation plaintiff's predecessor for many years had occupied for church purposes the property now sought to be assessed. It is now occupied and used for church purposes and kindred activities. In addition to the church, there are located thereon a rectory, a convent, and a parochial school. The land which plaintiff's predecessor gave for this thoroughfare was not only valuable but was obviously well suited for the future activities of the church. After donation of this land, the plat on which this thoroughfare was laid out as a boulevard was approved by public authorities and became a matter of record. Plaintiff's predecessor joined in the dedication. Not only was the thoroughfare denominated a boulevard on the plat, but being 80 to 85 feet in width it was to some extent at least physically suited for a boulevard. It was so developed by grading and cinderizing the traveled portion of the street and by leaving an island in the center on which the trees remained and shrubbery was planted. It was known as a boulevard and was so designated by the street signs; and there is testimony that purchasers of property adjacent to it considered the thoroughfare a boulevard and were influenced thereby in purchasing.

Appellants stress the fact that the plat of the Norwood subdivision recites that the "streets and alleys as shown on said plat" were dedicated to the use of the public. It is urged that because of such dedica-

tion the thoroughfares should be held to be ''streets'' and not boulevards. The recital is of evidentiary force (*Barris* v. *City of Detroit*, 260 Mich. 622); but it is not conclusive. In this connection it may be noted it appears from the testimony that the recital of dedication was placed upon the record of the plat by the use of a rubber stamp furnished by the engineers or the Wayne county auditor's office. It was a stamp kept for such general use. This does not wholly nullify its evidentiary force, but it does bear upon the persuasiveness of the recital.

It is also stressed by appellants that this thoroughfare throughout its length of substantially six miles has now been by city ordinance denominated St. Mary's avenue; and the inadvisability of a thoroughfare being considered a boulevard in one small section and a street or avenue as to its decidedly major portion is pointed out. In a given case, these circumstances might be and usually would be very persuasive and possibly determinative; but in the instant case the record is such that it would be highly inequitable to hold that, notwithstanding plaintiff had donated and dedicated valuable property on the express condition that the thoroughfare for which it was to be used should be a boulevard and developed as such, it was none the less an ordinary street or avenue and plaintiff's property subject to assessments for improvements thereon. We think the facts disclosed by this record establish quite conclusively that, at the time of the annexation of the subdivision to the city of Detroit (November, 1923), this thoroughfare as it then existed in that subdivision was in fact and in law a boulevard. It was not only so called, but it had been so developed. Its physical conditions were such as constituted notice to the city at the time of annexation that it was a boulevard

rather than an ordinary street. It continued as such for six or seven years, and until the city changed it incident to paving. This court has repeatedly stated that, after annexation, a city may not render adjacent property liable to assessment for street improvements by merely changing the designation of boulevards to streets; and further, that each case must be determined from its own facts. *Campbell* v. *City of Detroit, supra.* Under the circumstances disclosed in this record, the decree entered in the circuit court holding that the portion of St. Mary's avenue in Norwood subdivision is in fact and law a boulevard must be sustained.

Some complaint is made by appellants as to the return of the circuit court commissioner before whom the testimony in this case was taken. The objection raised does not affect final decision herein, nor do we think it seriously concerns the common practice of taking testimony on reference before commissioners. This phase of the record is therefore passed without comment.

The decree entered in the circuit court is affirmed, with costs to appellee.

McDonald, C. J., and Clark, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.