CLEVELAND v. CITY OF DETROIT.

1. DEDICATION—BOULEVARDS—STREETS—ALLEYS—EVIDENCE.

Fact that subdividers dedicated streets and alleys but made no mention of boulevards in dedication of plat is only of evidentiary force, much weight being given to fact that plat named it boulevard and showed islands in the center, in proceeding to determine validity of special assessments for sidewalks and pavement.

2. SAME—BOULEVARDS—SPECIAL ASSESSMENTS.

Special assessments for sidewalks and pavement of roadway designated on plat as boulevard and with physical appearance, width, shrubbery, lighting system and parkway of a boulevard at time pavement was laid and sidewalks built held, improper.

3. APPEAL AND ERROR—AMENDMENT—JOINDER OF PARTIES—OWNERSHIP—SPECIAL ASSESSMENTS.

On appeal from decree setting aside special assessments for sidewalks and pavement of a boulevard, amendment showing ownership of lots enumerated in original bill is made to bill of complaint and decree where no further testimony on main question involved would be required and decision thereon would not be affected.

4. SAME—PARTIES—LOSS OF INTEREST.

Decree setting aside special assessment for sidewalks and pavement of a boulevard is reversed as to plaintiff who had contract vendee's interest at time original bill was filed but has lost such interest since and has no further interest in such property at time of appeal.

5. EQUITY—PLEADING—SIGNATURE—ATTORNEY AND CLIENT.

The signing of a bill of complaint by attorney for the plaintiff held, sufficient.

6. TAXATION—DEFECTIVE LIENS—SUBSEQUENT ACQUISITION OF PROPERTY.

Refusal of plaintiffs, who acquired lots abutting boulevard after improper assessments had been levied against the property for sidewalks and pavement, to pay such assessments held, proper since they were entitled to object to defective tax liens against their property.

7. Costs—Amendment—Joinder of Additional Parties.

>On affirmance of decree granting relief to owners of property abutting boulevard from improper special assessments for sidewalks and pavement thereon and reversal of decree as to one original plaintiff who is no longer interested in such property, costs are granted defendants against all original plaintiffs upon allowance of amendment adding additional parties plaintiff to bill and decree.

Appeal from Wayne; Keidan (Harry B.), J. Submitted April 17, 1936. (Docket No. 137, Calendar No. 38,783.) Decided June 16, 1936.

Bill by Victor H. Cleveland and others against City of Detroit, a municipal corporation, and another to set aside special assessments for sidewalks and pavement of a boulevard. Decree for plaintiffs. Defendants appeal. Reversed as to plaintiff Cleveland. Affirmed as to other plaintiffs.

*Miller, Canfield, Paddock & Stone,* for plaintiffs.

*Walter Barlow (Raymond J. Kelly,* of counsel), for defendants.

Butzel, J. The facts relating to the main question in this case as well as the law relating thereto are well stated in the opinion of the trial court as follows:

"Plaintiffs are the owners of certain lots on Strathmoor boulevard (formerly Westlawn boulevard) in Schoolcraft Allotment subdivision in Greenfield township, Wayne county, Michigan, which in 1924, was annexed to the city of Detroit. The plat, approved in 1914, shows Westlawn boulevard (now Strathmoor boulevard) as being 75 feet in width. The subdivision lies northerly of Grand River avenue and is bounded by Lyndon on the north.

Strathmoor boulevard runs north and south and is paralleled by Schoolcraft boulevard, also 75 feet wide; by Church road, 66 feet wide; by Woodslee avenue, 50 feet wide, and by Ardmore avenue, 50 feet wide. The owners of the subdivision cinderized the Strathmoor boulevard therein and kept it in good condition by the use of a roller. In the center of the highway there was a 20-foot grass strip, referred to as an island, with shrubbery and trees planted thereon. They also erected electric lights on the island. Sidewalks were laid on both sides of the boulevard. After the city of Detroit annexed this subdivision it replaced cinders in the roadway when necessary and trimmed and sprayed the trees on the boulevard.

"In 1926 the department of public works of the city of Detroit tore up the sidewalks, replacing them with new ones and also paved Strathmoor boulevard, assessing the costs thereof to the abutting lands.

"The facts herein involved are almost identical with those in the case of *Barris* v. *City of Detroit,* 260 Mich. 622, and in my opinion this case must be ruled by it. In the *Barris Case* the subdivision was situated southerly of Grand River avenue while the subdivision herein involved is northerly of Grand River avenue. Undoubtedly Strathmoor boulevard, or Westlawn boulevard as it is designated on the plat in this subdivision, was intended to be a continuation of Strathmoor boulevard in the subdivision involved in the *Barris Case.* It was laid out and improved as a boulevard and was so regarded by the purchasers in the subdivision.

"I cannot see that it makes any material difference that the pavement on Strathmoor boulevard in this subdivision was cinderized while all or part of the pavement on Strathmoor boulevard south of Grand River avenue was concrete.

"As was held by the Supreme Court in the *Barris Case,* the fact that the dedication on the plat refers

to 'streets and alleys' is not controlling. The plat designates it as a boulevard. It has a width of 75 feet, while the other roadways, except Schoolcraft boulevard, are designated as streets and have a width of either 50 or 66 feet. The plat shows the parkways. It was and is a boulevard in fact.

"A decree may be entered granting plaintiffs the relief prayed for in the bill of complaint."

On appeal, defendants claim that the court erred in finding that Westlawn boulevard (now Strathmoor avenue) was a boulevard in fact and in law at the time the city paved the street and levied the assessments therefor, and in ordering that such assessments be cancelled and set aside. Defendants stress the fact that in the plat the subdividers dedicated the "streets and alleys, but made no mention of a boulevard." This is only of evidentiary force. *Gallagher* v. *City of Detroit,* 262 Mich. 298; *Campbell* v. *City of Detroit,* 259 Mich. 297. Its force is attenuated by the fact that the plat named the roadway in question "Westlawn boulevard" and showed islands in the center. While its true character may be shown by other testimony, much importance will be attached to the name given to a roadway on a plat. *Oprisiu* v. *City of Detroit,* 248 Mich. 590.

Defendants attempt to distinguish the *Barris Case, supra,* by showing that while Westlawn boulevard (now Strathmoor avenue) south of Grand River avenue extended 2,667.54 feet on the plat and some of the street was paved and curbed, the plat in the instant case showed the boulevard to be slightly shorter, and the street was only cinderized and lacked curbs. These distinctions, however, do not create a difference. The roadway and physical appearance of the roadway, its width, the shrubbery, the lighting system and the parkway in the center

are characteristics of a boulevard. *Coburn* v. *City of Wyandotte,* 245 Mich. 314. We need not determine the character of the street as of today. At the time the pavement was laid and the new sidewalks built, it was a boulevard and the assessments were improper.

A more serious question, one which was not presented in the lower court, arises. Plaintiffs were not represented by their present counsel at the time of the filing of the bill of complaint. There was no testimony showing the ownership of the lots which plaintiffs sought to relieve from the assessments and there was an omission in the bill of complaint of the names of some of plaintiffs' wives who owned lots with their husbands by the entireties. The record shows that the sole issue before the court was whether the roadway was a boulevard or not at the time the improvements were made. In our endeavor to get at the facts so as to obviate further litigation, we asked counsel at the time of the oral arguments in this court to stipulate as to facts and agree upon amendments to the bill of complaint. They refused to permit amendments, but stipulated that Victor H. Cleveland at the time the suit was brought was only a vendee of lot 395 and that during the pendency of the suit the contract was foreclosed and he lost all interest in the property. The stipulation further showed that Thomas H. Irwin acquired lot 374 in 1919 and lot 375 in 1929 by conveyances to himself and wife by the entireties so that his wife, Helen Irwin, is a necessary party to the suit. It also shows that in 1926 lot 366 was deeded to Jessie Robertson, James Robertson and Jessie L. Robertson, doing business as the Robertson Hardware Company; that in 1930 lot 459 was deeded to Jessie Robertson; that lot 403 was deeded in 1925 to Carl-

ton W. Palmer and Anna J. Palmer, his wife. Thomas H. Irwin, James Robertson, Jessie Robertson, Carlton W. Palmer, Helen Irwin, Jessie L. Robertson and Anna J. Palmer filed a petition to amend the bill of complaint and supplement the record showing that they are the owners of the lots named in the original bill of complaint and that the names of Helen Irwin, Anna J. Palmer and Jessie L. Robertson be added as parties plaintiff and a further allegation be inserted in the bill showing the ownership of the respective lots. The amendments sought would not require the taking of any further testimony nor affect the decision on the main question involved in the case. In the interest of justice, and in order to avoid further litigation on the same subject matter, we will permit the amendments both to the bill of complaint and the decree. As it is admitted that Cleveland had no further interest in the property, the decree must be reversed as to him.

Attention is called in this court for the first time to the fact that the original bill of complaint was only signed by Victor H. Cleveland. However, to the left of his signature appears the name of George W. Bourke, at the time attorney for plaintiffs. Court Rule No. 17, § 8 (1933), provides that every pleading shall be signed by a party or his agent or attorney. Considerable liberality has been shown by the courts in construing what constitutes a signing of bills of complaint. The signing of the bill of complaint by an attorney has been held to be sufficient. *Eveland* v. *Stephenson,* 45 Mich. 394; *O'Donnell* v. *St. Clair Circuit Judge,* 146 Mich. 442.

The refusal to pay these assessments was proper. The improper character of the assessments did not change because some of the plaintiffs purchased their lots after the assessments were levied and such

plaintiffs have a right to object to defective tax liens against their property.

The decree must be reversed as to plaintiff Cleveland. The amendments will be allowed both as to the bill of complaint and the decree. The defendants will recover costs from all of the plaintiffs in the original suit.

NORTH, C. J., and FEAD, WIEST, BUSHNELL, ED-WARD M. SHARPE, and TOY, JJ., concurred. POTTER, J., took no part in this decision.