ABAR v. CITY OF DETROIT.

1. Municipal Corporations—Paving Assessments—Boulevard.

Thoroughfare, named boulevard on plat of subdivision approved by township board and which was thereafter annexed by city, *held, prima facie* a boulevard in controversy between lot owners and city respecting assessments for paving (3 Comp. Laws 1929, § 13198 *et seq.*).

2. Same—Boulevard—Characteristics—Paving Assessments.

Thoroughfare, 82 feet wide and 1,000 feet long, designated on plat as boulevard and in center of which subdivider constructed island and otherwise improved it as a boulevard before annexation by city *held*, boulevard in action by lot owners to recover assessments for pavement laid in center after city had changed name to avenue, lot owners had petitioned for pavement and city had destroyed island (3 Comp. Laws 1929, § 13198 *et seq.*).

Appeal from Wayne; Campbell (Allan), J. Submitted October 15, 1936. (Docket No. 123, Calendar No. 39,196.) Decided December 9, 1936.

Action by William Alex Abar and others against City of Detroit, a municipal corporation, and another to recover pavement assessments. Judgment for plaintiffs. Defendants appeal. Affirmed.

*Baird, Goldstein & Denyes, G. Edwin Slater* and *Blaine & Dombrowski* (*Lewis E. Goldstein*, of counsel), for plaintiffs.

*Paul T. Dwyer*, Assistant Corporation Counsel (*Raymond J. Kelly*, Corporation Counsel, of counsel), for defendants.

FEAD, J. Plaintiffs had judgment for recovery of paving assessments paid by them, on the ground that the highway paved is a boulevard and, under the charter of the city of Detroit, no special assessment for its paving may be levied. *Blanchard* v. *City of Detroit*, 253 Mich. 491.

In 1914, Charles F. Lohrman presented to the township board of the township of Greenfield, in the county of Wayne, a plat of a subdivision on which Magnolia boulevard appeared 82 feet wide and 1,000 feet long. It ran from Wyoming avenue easterly to a railroad right of way. It was saved from forming a *cul-de-sac* on the east by a 30-foot passageway, running at a 45-degree angle from Magnolia boulevard to another street. Later the highway was continued westerly from Wyoming avenue by thoroughfares platted in other subdivisions as boulevards and ranging from 66 to 50 feet wide.

The plat designated the highway as Magnolia boulevard but did not show an island in the center.

Before the plat was approved Lohrman appeared before the township board, pointed out Magnolia boulevard, and stated he would construct an island in it by planting shrubs and trees in the center. The plat was approved by the board. Very soon Lohrman constructed cinderized roadways on each side of the highway and improved the center with trees and shrubs. Neither the island nor the roadway was curbed. Sales of adjoining lots were made thereafter.

The highway was in that condition when the property was annexed by the city of Detroit in 1916. It so remained until 1926, when, upon petition of the property owners, including some of plaintiffs, it was paved 30 feet in the center and the island thereby destroyed. Sometime before the city had changed the name to Elmira avenue. The city has sprayed the trees and bushes on the island periodically but has done so in the same manner it has taken care of shrubbery on all other streets and highways in the city. The record shows nothing else by way of recognition by the city of the character of the thoroughfare.

It is not necessary to digest the many recent cases involving "boulevards" in subdivisions annexed by the city of Detroit nor to discuss those upon which counsel particularly rely. Both common and distinguishing features may be found in them, and, while the cases set up important indices, they establish no conclusive test of a boulevard. The issue is whether the thoroughfare is a street or boulevard in fact.

Magnolia boulevard was so named on the plat and, therefore, *prima facie,* is a boulevard. *Oprisiu* v. *City of Detroit,* 248 Mich. 590. When taken into the city, and for many years thereafter, it had so many

physical features and characteristics of a boulevard that only two contentions to the contrary need be noticed.

It is said to be too short for a boulevard. In several of the cases, highways 2,000 feet long have been held to be boulevards. We find no authority that length is a determining factor. There is no good reason why a platter, visualizing the trend and development of a neighborhood, may not lay out the beginning of a boulevard in the hope that other owners will extend it into an important highway. The statute has established no other limitation upon his vision and hope in this respect than the approval of the township board or other local authority.*

The holding of the court in *Theisen* v. *City of Detroit,* 254 Mich. 338, that persons interested in the sale of lots may not convert a street into a boulevard after dedication of a plat by voluntarily and of their own initiative constructing an island in the center, is fully met by the facts in this case—that the island was built by the landowner in pursuance of a promise made by him to the township board before the plat was approved, as an inducement thereto, and that the board consciously approved the plat as providing for Magnolia boulevard as a boulevard in fact.

Judgment affirmed, with costs.

NORTH, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.

---

* See 3 Comp. Laws 1929, § 13198 *et seq.*—REPORTER.