*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

F & L MICHIGAN AVENUE, INC.,

Plaintiff-Appellee,

v

DEPARTMENT OF LICENSING &
REGULATORY AFFAIRS/LIQUOR CONTROL
COMMISSION,

Defendant-Appellant,

and

STATE OF MICHIGAN,

Appellant.

FOR PUBLICATION
June 8, 2023
9:00 a.m.

No. 360253
Wayne Circuit Court
LC No. 21-004689-AA

Before: LETICA, P.J., and BORRELLO and RIORDAN, JJ.

BORRELLO, J.

In this matter involving F & L Michigan's (F &L) application for the transfer of a liquor license, the Department of Licensing and Regulatory Affairs/Liquor Control Commission appeals by leave granted[1] the circuit court's order reversing the commission's determination that F & L's proposed location is within 500 feet of a church under MCL 436.1503(1). For the reasons set forth in this opinion, we reverse the circuit court's order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

---

[1] *F & L Michigan Avenue Inc v Dep't of Licensing & Reg Affairs*, unpublished order of the Court of Appeals, entered June 22, 2022 (Docket No. 360253).

At issue in this appeal is MCL 436.1503(1), which provides as follows:

> The commission shall deny a new application for a license to sell alcoholic beverages at retail or a request to transfer location of an existing license if the contemplated location is within 500 feet of a church or a school building. The distance between the church or school building and the contemplated location must be measured along the center line of the street or streets of address between 2 fixed points on the center line determined by projecting straight lines, at right angles to the center line, from the part of the church or school building nearest to the contemplated location and from the part of the contemplated location nearest to the church or school building.

The parties' dispute relates to the meaning of the second sentence in the statutory provision regarding the proper method of calculating the distance between a church and the contemplated location for selling alcoholic beverages.

F & L's proposed location is located on Michigan Ave in Wayne, Michigan. Michigan Ave runs east-west and consists of three lanes of traffic in each direction, separated in the center by a grassy median. New Hope Missionary Baptist Church is also located on Michigan Ave, on the opposite side of the street but not directly across from F & L's proposed location. The commission determined that the church was 260 feet from F & L's proposed location, as illustrated in the following diagram created by the commission:



F & L argued that because of the dividing median, Michigan Ave was effectively two streets with one street for westbound traffic and one street for eastbound traffic. Thus, F & L maintained that the statute required the distance between F & L's proposed location and the church to be measured as illustrated in the following diagram, which produced a distance greater than 500 feet:



Based on the commission's measurement that the church was 260 feet from F & L's proposed location, the commission denied F & L's liquor license request.[2] The commission affirmed that ruling in response to F & L's appeal, and F & L subsequently appealed to the circuit court. Following a hearing, the circuit court reversed the commission's decision that F & L's proposed location was within 500 feet of a church under MCL 436.1503(1). The circuit court adopted F & L's method for measuring the distance under the statute, reasoning as follows:

> [I]n viewing the measurements itself, which is also included in the statute, the statute indicates the distance, between the church or school building, and the contemplated location must be measured along the center line of the street or streets of address, between two fixed points, on the center line, determining—determined by projecting straight lines at right angles to the center line from the part of the church or school building nearest to the contemplated location and from the part of the contemplated location nearest to the church or school building. Based on the— the clear statutory language, the commission's assessment of 260 feet is incorrect. It should have been from the center line of the three lanes, which is the moving traffic going westbound. And so, I am going to reverse the decision of the Michigan Liquor Control Commission. I don't believe that they accurately did measurements, in compliance with 436.1503, that it is the street. If the legislature wanted to do it a different way and not include the streets, they could have, but streets are vehicular streets and it should have been the measurements. It's not the grassy median. The grassy median is not included in this statute. So, for those

---

[2] Although MCL 436.1503(4) provides that the "commission may waive this section for all classes of licenses," the commission decided that a waiver was not warranted in this case. The commission's waiver decision is not at issue in this appeal.

reasons, the Court is going to reverse the decision of the Liquor Control Commission, finding that MCL 436.5—1503, subsection 1, does not apply, since the correct method of measurements would take the proposed location and the New Hope Baptist Church beyond 500 feet.

## II. STANDARD OF REVIEW

"This Court reviews a lower court's review of an agency decision to determine whether the lower court applied correct legal principles and whether it misapprehended or grossly misapplied the substantial evidence test to the agency's factual findings." *Dignan v Mich Pub Sch Employees Retirement Bd*, 253 Mich App 571, 575; 659 NW2d 629 (2002) (quotation marks and citation omitted). "A circuit court's review of an administrative agency's decision is limited to determining whether the decision was contrary to law, was supported by competent, material, and substantial evidence on the whole record, was arbitrary or capricious, was clearly an abuse of discretion, or was otherwise affected by a substantial and material error of law." *Id*. at 576.

Resolution of this appeal solely involves a question statutory interpretation, which is a question of law that this Court reviews de novo. *In re Complaint of Rovas Against SBC Mich*, 482 Mich 90, 102; 754 NW2d 259 (2008). The construction of a statute by an administrative agency charged with executing the statute is entitled to "respectful consideration" and should not be overruled without "cogent reasons." *Id*. at 103. Nonetheless, "the agency's interpretation is not binding on the courts, and it cannot conflict with the Legislature's intent as expressed in the language of the statute at issue." *Id*. "[W]hen the law is 'doubtful or obscure,' the agency's interpretation is an aid for discerning the Legislature's intent." *Id*.

The aim of statutory interpretation is "to discern and give effect to the Legislature's intent," which is "most reliably shown through the words used in the statute." *Attorney General v Blue Cross Blue Shield of Mich*, 291 Mich App 64, 78; 810 NW2d 603 (2010). "If the language in the statute is unambiguous, the Legislature is presumed to have intended the meaning clearly expressed, and the statute must be enforced as written." *Id*.

## III. ANALYSIS

Pursuant to MCL 436.1503(1), "The distance between the church or school building and the contemplated location must be measured *along the center line of the street or streets of address* between 2 fixed points on the center line determined by projecting straight lines, at right angles to the center line, from the part of the church or school building nearest to the contemplated location and from the part of the contemplated location nearest to the church or school building." (Emphasis added.) The term "center line" is not defined for purposes of this statute.

The record reflects that the address for F& L's proposed location is 33735 Michigan Ave and that the address of the church is 33640 Michigan Ave. Thus, the "street or streets of address" for the two locations in this case refers to the *same street* and the statutory language plainly indicates that the distance should be measured along the "center line" of that street. Were it not for the existence of the grassy median on Michigan Ave dividing the eastbound and westbound traffic lanes from each other, we do not see how there would be any dispute that the methodology employed by the commission in this case was in accordance with the statutory language;

demonstrating that the statute is clear and unambiguous. There is nothing in the statutory language to indicate that the measuring methodology changes depending on the type of dividing center line used on a specific street, whether some kind of painted line, a center turn lane, or a grassy median. See MCL 436.1503(1); cf. also *Barris v Detroit*, 260 Mich 622, 624; 245 NW 790 (1932) (stating that a "boulevard" containing a 20-foot wide center grass strip "is in fact a street with opportunity afforded for added parklike features" and that a "boulevard, designated as such upon the plat, falls within the general description of a street or highway").

The method advanced by F & L and employed by the trial court artificially turns one street into two streets and is contrary to the plain language of the statute. Because the trial court erred as a matter of law in its interpretation of the statute, we reverse the trial court's order and remand for further proceedings consistent with this opinion.

Reversed and remanded. We do not retain jurisdiction.

/s/ Stephen L. Borrello
/s/ Anica Letica
/s/ Michael J. Riordan